1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CURTIS RENEE JACKSON,                      CASE NO. 1:11-cv–00080-LJO-BAM PC

10                              Plaintiff,     ORDER DISMISSING COMPLAINT, WITH
                                              LEAVE TO AMEND
11        v.
                                              (ECF No. 1)
12   Y. A. YATES, et al.,
                                              THIRTY-DAY DEADLINE
13                              Defendants.
                                    /
14

15   **I.    Screening Requirement**

16          Plaintiff Curtis Renee Jackson is a state prisoner proceeding pro se and in forma pauperis in

17   this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint,

18   filed January 18, 2011.  (ECF No. 1.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24   **II.   Discussion**

25          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

26   is incarcerated at Pleasant Valley State Prison.  Plaintiff brings this action naming nineteen

27   defendants alleging unrelated incidents that occurred during February and March 2010.

28          In determining whether a complaint states a claim, the Court looks to the pleading standard

1  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

2  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

4  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

5  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

6  544, 555, 127 S. Ct. 1955 (2007)).

7        The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

8  Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a

9  short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of

10 Civil Procedure 8(a)(2). Plaintiff's complaint is neither short nor plain.  Plaintiff's complaint is forty

11 five pages, with an additional thirty seven  pages of exhibits, and lists multiple unrelated incidents.

12 Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its

13 already taxed resources with attempting to sort out his claims.  Plaintiff must submit a complaint to

14 the Court that meets the requirements of Rule 8.  It is Plaintiff's job, not the Court's, to state a claim

15 for each defendant.  Since Plaintiff's complaint violates Rule 8, the Court shall dismiss the

16 complaint, with leave to amend.

17        In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that

18 appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those

19 claims that he believes, in good faith, are cognizable.

20 **III.    Legal Standards**

21      **A.    Linkage Requirement**

22        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

23 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

24 the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

25 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

26 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

27 between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

28 Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

1   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

2   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

3   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

4          **B.    Supervisory Liability**

5          Government officials may not be held liable for the actions of their subordinates under a

6   theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held

7   liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

8   official has violated the Constitution through his own individual actions. Id. at 1948. In other

9   words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with

10  some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

11         "The Eleventh Amendment bars suits for money damages in federal court against a state, its

12  agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety,

13  488 F.3d 1144, 1147 (9th Cir. 2007). A suit brought against prison officials in their official capacity

14  is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783

15  (9th Cir. 1986). Therefore prison officials may be held liable if "'policy or custom' . . . played a part

16  in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S.

17  159, 166, 105 S. Ct. 3099, 3105 (1985). The official may be liable where the act or failure to

18  respond reflects a conscious or deliberate choice to follow a course of action when various

19  alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of

20  Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los

21  Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d

22  707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate

23  that his deprivation resulted from an official policy or custom established by a . . . policymaker

24  possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure

25  to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;"

26  the agency "has customs or policies that amount to deliberate indifference;" and "these customs or

27  policies were the moving force behind the employee's violation of constitutional rights." Long, 442

28  F.3d at 1186.

C.    **Eighth Amendment**

1.    **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

2.    **Excessive Force**

The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury

4

1  inflicted." Whitley, 475 U.S. at 321, 106 S. Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692

2  (9th Cir. 2003).  Although the extent of the injury is relevant, the inmate does not need to sustain

3  serious injury.  Wilkins, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7, 112 S. Ct. at 999.

4        **D.**    **Fourteenth Amendment**

5            **1.**    **Equal Protection**

6          The Equal Protection Clause requires that all persons who are similarly situated should be

7  treated alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001);  City of Cleburne v. Cleburne

8  Living Center, 473 U.S. 432, 439 (1985).  An equal protection claim may be established by showing

9  that the defendant intentionally discriminated against the plaintiff based on the plaintiff's

10  membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194

11  (1998), or that similarly situated individuals were intentionally treated differently without a rational

12  relationship to a legitimate state purpose,  Thornton v. City of St. Helens, 425 F.3d 1158, 1167

13  (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

14            **2.**    **Due Process**

15          The Due Process Clause protects against the deprivation of liberty without due process of

16  law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause

17  of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

18  the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom

19  from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480,

20  115 S. Ct. 2293, 2298 (1995).  However, a state may "create liberty interests which are protected by

21  the Due Process Clause."  Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300.  A prisoner has a liberty

22  interest protected by the Due Process Clause only where the restraint "imposes atypical and

23  significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan v.

24  Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

25            **a.**    **Grievance Process**

26          There is no liberty interest in a prison grievance procedure as it is a procedural right only.

27  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988);  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

28  1993).  Additionally, the prison grievance procedure does not confer any substantive rights upon

1  inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.

2  Buckley, 997 F.2d at 495.

3                      **b.**      **Prison Regulations**

4          Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant

5  of some right, privilege, or immunity protected by the Constitution or laws of the United States."

6  Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535

7  (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). "To the extent

8  that the violation of a state law amounts to the deprivation of a state-created interest that reaches

9  beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v.

10  Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch.

11  Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983 for violating prison

12  policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109

13  F.3d 427, 430 (8th Cir. 1997)).

14      **E.**      **State Tort Claims**

15          The California Tort Claims Act[1] requires that a tort claim against a public entity or its

16  employees be presented to the California Victim Compensation and Government Claims Board,

17  formerly known as the State Board of Control, no more than six months after the cause of action

18  accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a

19  written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

20  Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified

21  School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a

22  plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6;

23  Bodde, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the

24  requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde,

25  90 P.3d at 120.  If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to

26

27       [1]<sub>2</sub>The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's

28  Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

show he has complied with the requirements of the California Tort Claims Act.  In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.

### 1.    Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009).

### 2.    Cruel and Unusual Punishment Clause of California Constitution

Plaintiff is not entitled to damages for a violation of the cruel and unusual punishment clause of the state constitution. Carlsbad Aquafarm, Inc. v. State Dep't of Health Services, 83 Cal.App.4th 809, 823 (Ct. App. 2000) (due process); Giraldo v. California Dep't Corrections and Rehabilitation, 168 Cal.App.4th 231, 256-57 (Ct. App. 2008) (cruel and unusual punishment); see also Brown v. County of Kern, No. 1:06-cv-00121-OWW-TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages directly under Article 1, Sections 7 or 13 of the California Constitution).

### 3.    Penal Code Sections

Plaintiff brings this action alleging violations of California Penal Code sections.  A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975); see Sohal v. City of Merced Police Dep't, No. 1:09-cv-0160-AWI-DLB, 2009 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action").  The Court has reviewed the criminal statutes in their entirety and can find no indication of a private right of action.  Accordingly,

1    Plaintiff's claims for violations of the California Penal Code are not cognizable.

2         **F.    Declaratory Relief**

3         In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A

4    declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

5    judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,

6    333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful

7    purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

8    relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759

9    F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a

10   verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

11   violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and

12   this action shall proceed as one for money damages only.

13        **G.    Injunctive Relief**

14        Plaintiff seeks injunctive relief demanding that Defendants and non-parties stop attacking

15   disabled inmates, medical staff complete injury reports and immediately report assault and batteries

16   upon inmates, and that Plaintiff be transferred to Vacaville State Prison.

17        For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield

18   v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires

19   Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

20   particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

21   fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

22   decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

23   (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted). Plaintiff does not have

24   standing to request system wide relief for other inmates.

25        In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

26   which provides in relevant part, "Prospective relief in any civil action with respect to prison

27   conditions shall extend no further than necessary to correct the violation of the Federal right of a

28   particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless

the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  The relief that Plaintiff requests goes beyond the constitutional violations alleged and the claims for injunctive relief are not cognizable.

**H.    Rule 18**

Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

**I.    Amended Complaint**

Plaintiff is advised of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).

"Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

9

The function of the complaint is not to list every single fact relating to Plaintiff's claims.  In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved.  Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

Finally, if Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation. For screening purposes, the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.  If Plaintiff chooses to attach exhibits to his amended complaint, any exhibits attached to the complaint must be incorporated by reference. Fed. R. Civ. Pro. 10(c).  Thus, any exhibits attached to the amended complaint must be specifically referenced.  For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing.  If the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").The Court will not wade through exhibits to determine whether cognizable claims are, or might be able to be stated.

**IV.   Conclusion and Order**

Plaintiff's complaint shall be dismissed for violating Rule 8 and 18 of the Federal Rules of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed January 18, 2011, is dismissed for violating Rule 8 and 18 of the Federal Rules of Civil Procedure;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.     Plaintiff's amended complaint shall not exceed twenty five pages in length; and

5.     If Plaintiff fails to file an amended complaint in compliance with this order, this action may be dismissed for failing to comply with a court order.

IT IS SO ORDERED.

Dated:   **January 3, 2012**          _____**/s/ Barbara A. McAuliffe**_____
                                    UNITED STATES MAGISTRATE JUDGE