# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>Y. A. YATES, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv–00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 9) |

    Plaintiff Curtis Renee Jackson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2011, an order issued dismissing Plaintiff's complaint for failure to comply with Federal Rules of Civil Procedure 8 and 18. Currently before the Court is Plaintiff's motion for a temporary restraining order, filed March 11, 2011.

    Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires

1 that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Since Plaintiff's complaint has been dismissed there is no case or controversy before the Court upon which relief can be granted.  Accordingly Plaintiff's motion for a temporary restraining order, filed March 11, 2011, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   January 6, 2012**                                   /s/ Lawrence J. O'Neill
                                                                            UNITED STATES DISTRICT JUDGE