UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>           Plaintiff,<br><br>    v.<br><br>Y. A. YATES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv–00080-LJO-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF PROCESS<br><br>(ECF No. 18, 21, 22)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 23) |

Plaintiff Curtis Renee Jackson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on January 18, 2011. On March 6, 2012, the Magistrate Judge screened the first amended complaint and found that it stated a cognizable claim against Defendant Mendez for excessive force, and Defendants Daley, Samonte, Nichols, Valdez, and Gonzales for failure to intervene in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. 28 U.S.C. § 1915A. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable. On March 21, 2012, Plaintiff filed a notice stating that he does not wish to amend and is willing to proceed only on the claims found to be cognizable and a motion for injunctive relief.

In his motion for injunctive relief Plaintiff states that he received legal mail on March 5, 2012, that was postmarked January 9, 2012. Plaintiff claims that staff deliberately caused his access

to the court to be obstructed in retaliation for his filing this action.  Plaintiff seeks a transfer to a medical facility and the removal of all prison staff that threaten or physically harm Plaintiff from the facility where he is housed.

Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  The pendency of this action does not confer on the Court jurisdiction to issue an order directing that Plaintiff be transferred to a medical institution or to order the removal of staff from the facility in which Plaintiff is housed, because such an order would not remedy the underlying legal claim, which involves Defendants' past conduct.  18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969.

Accordingly, based on Plaintiff's notice, it is HEREBY ORDERED that:

1. This action shall proceed as one for money damages against Defendant Mendez for excessive force, and Defendants Daley, Samonte, Nichols, Valdez, and Gonzales for failure to intervene in violation of the Eighth Amendment;

2. Plaintiff's deliberate indifference to serious medical needs, equal protection, and conspiracy claims are dismissed, with prejudice, for Plaintiff's failure to state a cognizable claim;

3. Plaintiff's state law negligence claim is dismissed, with prejudice, for failure to state a cognizable claim;

4. Plaintiff's claims for declaratory and injunctive relief are dismissed for failure to state a claim;

5. Defendant Yates is dismissed from this action, with prejudice, for failure to state a cognizable claim against him;

6. Plaintiff's motion for injunctive relief, filed March 21, 2012, is denied; and

7. This matter is referred back to the Magistrate Judge to initiate service of process proceedings.

IT IS SO ORDERED.

**Dated:   March 26, 2012**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE