|   |   |
|---|---|
| CURTIS RENEE JACKSON, | Case No.: 1:11-cv-00080-LJO-BAM PC |
| Plaintiff, | ORDER DENYING REQUEST FOR DEPOSITION TRANSCRIPTS |
| v. | |
| Y. A. YATES, et al., | (ECF No. 49) |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

### I.     Background

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On January 14, 2013, Plaintiff filed the instant motion requesting a copy of his deposition transcript and errata sheets.  Plaintiff reports that his deposition was taken on January 11, 2013. After consideration of the proceedings, Plaintiff explains that he has come to the conclusion that a few errors were made and he therefore requests a complete copy of the deposition, along with errata sheets, to make corrections.  (ECF No. 49.)

1  On January 28, 2013, Defendants Gonzales, Mendez and Nichols filed their opposition. Defendants contend that Plaintiff is not entitled to a free copy of his deposition. Defendants also contend that Plaintiff failed to make a timely request to review and to correct his deposition. (ECF No. 50.)

**II.   Discussion**

By his motion, Plaintiff essentially seeks a free copy of his deposition. Defendants are not required to provide plaintiff with a copy of his deposition transcript. See Boston v. Garcia, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request that the court order defendants to provide him with a copy of his deposition transcript). There also is no statutory requirement for the Court or the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts. See 28 U.S.C. § 1915; see also Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress") (citation omitted); Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (finding no abuse of discretion because there was no authorization for the court to commit federal monies to provide indigent litigants with copies of deposition transcripts). Accordingly, the Court will not order defense counsel or the defendants to provide Plaintiff with a copy of his deposition transcript and the Court will not provide Plaintiff with a copy of his deposition transcript.

However, Plaintiff may obtain a copy of his deposition transcript from the officer before whom the deposition was taken upon payment of the requested charges. Fed. R. Civ. P. 30(f)(3). In other words, Plaintiff may purchase a copy of his deposition transcript from the court reporter. If Plaintiff requires contact information for the court reporter, he is directed to seek such information from defense counsel.

To the extent Plaintiff requests review of his deposition transcript, Federal Rule of Civil Procedure 30(e)(1) provides that such a request by the deponent must be made "before the deposition is completed." Fed. R. Civ. P. 30(e)(1). In this case, there is no indication that Plaintiff made a timely request to review his deposition testimony before the deposition was completed on January 11, 2013. Instead, Plaintiff waited until after the conclusion of his deposition to file the instant motion. (ECF No. 49, p. 2).

**III.   Conclusion and Order**

Based on the foregoing, Plaintiff's request for his deposition transcript is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2013**                            /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE