1

2

3

4

5

6

7

8                                 **UNITED STATES DISTRICT COURT**

9                                 **EASTERN DISTRICT OF CALIFORNIA**

10

11   CURTIS RENEE JACKSON,                    )   Case No.: 1:11-cv-00080-LJO-BAM PC
                                              )
12                  Plaintiff,                )   ORDER DENYING REQUEST FOR DEPOSITION
                                              )   TRANSCRIPTS
13          v.                                )
                                              )   (ECF No. 49)
14   Y. A. YATES, et al.,                     )
                                              )
15                  Defendants.               )
                                              )
16   _____        )

17          **I.     Background**

18          Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

20   Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive

21   force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez

22   and Gonzales for failure to intervene in violation of the Eighth Amendment.

23          On January 14, 2013, Plaintiff filed the instant motion requesting a copy of his deposition

24   transcript and errata sheets.  Plaintiff reports that his deposition was taken on January 11, 2013. After

25   consideration of the proceedings, Plaintiff explains that he has come to the conclusion that a few errors

26   were made and he therefore requests a complete copy of the deposition, along with errata sheets, to

27   make corrections.  (ECF No. 49.)

28

1

1    On January 28, 2013, Defendants Gonzales, Mendez and Nichols filed their opposition.

2  Defendants contend that Plaintiff is not entitled to a free copy of his deposition.  Defendants also

3  contend that Plaintiff failed to make a timely request to review and to correct his deposition.  (ECF

4  No. 50.)

5    **II.    Discussion**

6    By his motion, Plaintiff essentially seeks a free copy of his deposition.  Defendants are not

7  required to provide plaintiff with a copy of his deposition transcript.  See Boston v. Garcia, 2013 WL

8  1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request that the court order defendants to

9  provide him with a copy of his deposition transcript).  There also is no statutory requirement for the

10  Court or the government to provide a litigant proceeding in forma pauperis with copies of deposition

11  transcripts.  See 28 U.S.C. § 1915; see also Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("the

12  expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by

13  Congress") (citation omitted); Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (finding no abuse of

14  discretion because there was no authorization for the court to commit federal monies to provide

15  indigent litigants with copies of deposition transcripts).  Accordingly, the Court will not order defense

16  counsel or the defendants to provide Plaintiff with a copy of his deposition transcript and the Court

17  will not provide Plaintiff with a copy of his deposition transcript.

18    However, Plaintiff may obtain a copy of his deposition transcript from the officer before whom

19  the deposition was taken upon payment of the requested charges.  Fed. R. Civ. P. 30(f)(3).  In other

20  words, Plaintiff may purchase a copy of his deposition transcript from the court reporter.  If Plaintiff

21  requires contact information for the court reporter, he is directed to seek such information from

22  defense counsel.

23    To the extent Plaintiff requests review of his deposition transcript, Federal Rule of Civil

24  Procedure 30(e)(1) provides that such a request by the deponent must be made "before the deposition

25  is completed."  Fed. R. Civ. P. 30(e)(1).  In this case, there is no indication that Plaintiff made a timely

26  request to review his deposition testimony before the deposition was completed on January 11, 2013.

27  Instead, Plaintiff waited until after the conclusion of his deposition to file the instant motion.  (ECF

28  No. 49, p. 2).

2

**III.     Conclusion and Order**

Based on the foregoing, Plaintiff's request for his deposition transcript is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2013**                          /s/ *Barbara A. McAuliffe*   _
                                                 UNITED STATES MAGISTRATE JUDGE

3