|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 |   |   |
| 6 |   |   |
| 7 |   |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CURTIS RENEE JACKSON, | ) | Case No.: 1:11-cv-00080-LJO-BAM PC |
|---|---|---|
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | ) ) |   |
| Y. A. YATES, | ) ) | (ECF No. 58) |
| Defendants. | ) ) |   |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On February 11, 2013, Plaintiff filed a motion for a temporary restraining order against non-party Correctional Officer Mendenhal based on retaliation. Plaintiff also seeks a transfer from Pleasant Valley State Prison to a medical facility. (ECF No. 58.)

Plaintiff's request is a form of injunctive relief. A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7, 20, 129 S.Ct. 365,

376 (2008) (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

      Plaintiff's action concerns allegations of excessive force against Defendant Mendez and failure to intervene against Defendants Daley, Samonte, Nichols, Valdez and Gonzales.  Correctional Officer Mendenhal is not a party to this action.  The California Department of Corrections and Rehabilitation ("CDCR") also is not a party to this action.  The Court thus lacks jurisdiction to issue an order directed at Officer Mendenhal or to issue an order requiring CDCR to transfer Plaintiff to another facility.

      Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order, filed February 11, 2013, be denied.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **August 12, 2013**         /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE