UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>Y. A. YATES, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ORDERS THAT NON-PARTIES PRODUCE DOCUMENTS<br><br>(ECF Nos. 52, 53, 54) |

### I.  Background

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On February 11, 2013, Plaintiff filed the following motions: (1) motion for an order requiring non-party Board of Vocational Nursing & Psychiatric Technicians to produce documents concerning Defendant Nichols (ECF No. 52); (2) motion for an order requiring non-party Office of Inspector General to produce documents concerning Defendant Mendez (ECF No. 53); and (3) motion for an order requiring non-party Board of Vocational Nursing & Psychiatric Technicians to produce

documents concerning Defendant Nichols (ECF No. 54).  Defendants did not file any opposition or other response to the motions.  The Court deems the motions submitted.  Local Rule 230(l).

**II.      Discussion**

Plaintiff brings the instant motions pursuant to Federal Rule of Civil Procedure 45, which relates to the issuance and enforcement of subpoenas.  Accordingly, the Court considers Plaintiff's motions as requests for the issuance of third-party subpoenas for the production of documents.  Subject to certain requirements, Plaintiff may be entitled to the issuance of subpoenas commanding the production of documents from non-parties.  Fed. R. Civ. P. 45.  However, the Court will consider such a request for subpoenas only if the documents sought from the non-party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.  Plaintiff also must establish that the requested discovery is relevant to his claims in this action.  Fed. R. Civ. P. 26(b)(1).

*Board of Vocational Nursing & Psychiatric Technicians*

Plaintiff's motions directed at the Board of Vocational Nursing & Psychiatric Technicians ("Board") are duplicative.  In those motions, Plaintiff reports that he filed a consumer complaint against Defendant Nichols with the Board.  Plaintiff also indicates that he wrote a letter to the Board requesting information regarding whether or not prior complaints had been filed against Defendant Nichols.  The Board responded and stated that it had pending investigations against Defendant Nichols (and others), but any documents pertaining to those investigations were exempt from disclosure.  (ECF No. 52, Ex. A.)  Plaintiff now contends that he requires a Court order to obtain the documents from the Board.  He believes that the documents are necessary and relevant to show a pattern as to how Defendant Nichols performed her duties and treated inmates, including a readiness to lie, cover-up incidents or forge paperwork.  (ECF No. 52, p. 2.)

Plaintiff's request for a non-party subpoena directed to the Board shall be denied at this time.  Plaintiff has not adequately demonstrated to the Court's satisfaction that the documents he seeks from the Board are not obtainable from Defendant Nichols through a request for production of documents.  Plaintiff also has not adequately demonstrated to the Court's satisfaction that the documents he seeks regarding any pending investigations by the Board involving Defendant Nichols are relevant to his

claim that Defendant Nichols failed to intervene in violation of the Eighth Amendment.  At best, Plaintiff seeks the documents as character evidence to prove that Defendant Nichols acted in accordance with that character or trait on a particular occasion.  Character evidence is not admissible. Fed. R. Evid. 404(a).

*Office of Inspector General*

In his moving papers, Plaintiff reports that he filed a complaint with the Office of Inspector General ("OIG") regarding Defendant Mendez for unnecessary use of excessive force.  Plaintiff also inquired as to whether or not any other complaints had been filed against Defendant Mendez by prisoners or detainees.  On July 17, 2012, OIG's chief counsel responded to Plaintiff's request and stated that any information about complaints made against Defendant Mendez is confidential and cannot be disclosed without a court order.  (ECF No. 53, Ex. A.)  Plaintiff now contends that he requires a Court order to obtain information concerning Defendant Mendez in the custody of OIG. Plaintiff believes that these documents will show and establish that Defendant Mendez has "a serious behavior problem" and has a history of using unnecessary force against prisoner and detainees during his ten years of employment with the California Department of Corrections and Rehabilitation.  (ECF No. 53, p. 2.)

Plaintiff's request for a non-party subpoena for documents from the OIG shall be denied at this time.  As with his request for a subpoena to the Board, Plaintiff has not adequately demonstrated to the Court's satisfaction that the documents he seeks from OIG are not obtainable from Defendant Mendez through a request for production of documents.  Plaintiff also has not adequately demonstrated to the Court's satisfaction that the documents he seeks regarding any complaints to OIG involving Defendant Mendez are relevant to his claim that Defendant Mendez used excessive force against Plaintiff in violation of the Eighth Amendment.  At best, Plaintiff seeks character evidence regarding Defendant Mendez's purported "behavior problem" to prove that Defendant Mendez acted in accordance with that character or trait on a particular occasion involving Plaintiff.  Again, character evidence is not admissible.  Fed. R. Evid. 404(a).

///

///

3

**III.     Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting an order for the Board of Vocational Nursing & Psychiatric Technicians to produce documents, filed on February 11, 2013, is DENIED without prejudice;

2. Plaintiff's motion requesting an order for the Office of Inspector General to produce documents, filed on February 11, 2013, is DENIED without prejudice; and

3. Plaintiff's duplicative motion requesting an order for the Board of Vocational Nursing & Psychiatric Technicians to produce documents, filed on February 11, 2013, is DENIED.

IT IS SO ORDERED.

Dated:  **August 12, 2013**               /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE