UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Y. A. YATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY<br><br>(ECF No. 81) |

**I.　　Introduction**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On July 22, 2013, Plaintiff filed the instant motion to compel Defendant Mendez to produce documents pursuant to Federal Rule of Civil Procedure 37. (ECF No. 81.) On August 5, 2013, Defendant Mendez filed an opposition to the motion to compel. (ECF No. 82.) Following extensions of time, Plaintiff filed his reply on October 29, 2013. (ECF No. 95.) The motion is deemed submitted. Local Rule 230(l).

///

1

**II.     Request for Production of Documents**

   A.  Parties' Arguments

  Plaintiff served Defendant Mendez with a request for production of documents on December 8, 2012.  Defendant Mendez submitted a response on January 25, 2013.  Thereafter, Plaintiff reportedly sent defense counsel two letters requesting a date to meet and confer so that Plaintiff could review and copy needed documents.  According to Plaintiff, defense counsel did not respond to the letters.  Plaintiff now moves to compel responses to eight of his nine requests for production.

  Defendant Mendez counters that Plaintiff's motion should be denied as procedurally defective because Plaintiff failed to provide the Court with a copy of Defendant Mendez's response to the request for production of documents for evaluation on the merits.  Defendant Mendez further counters that even if the Court were to consider the merits of the motion, Plaintiff has failed to identify the objections he finds inadequate.  Additionally, Defendant Mendez argues that he has responded to Plaintiff's discovery requests in full.

  Attached to Plaintiff's reply, filed on October 29, 2013, is a copy of Defendant Mendez's responses to discovery.  In addition to attaching Defendant Mendez's responses, Plaintiff also claims that the stated objections were made for improper purposes, such as harassment and delay.  Plaintiff further claims that he has not received all requested, non-privileged documents from Defendant Mendez.

  As Plaintiff has provided a copy of Defendant Mendez's responses, the Court will, in the interests of judicial economy, consider the motion to compel and responses on their merits.

   B.  Legal Standard

  In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody, or control." Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).

  Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162

F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

        C.  Requests for Production ("RFP")

**RFP NO. 1:** Produce all administrative grievances / 602's and staff complaints filed by CDCR prisoners including complaints filed by detainees, or prisoners in other facilities, and other jurisdictions, accusing you of using or attempting to use excessive and unnecessary force.

**RESPONSE:** Responding Party (Mendez) objects that this request is compound, and vague and ambiguous with respect to the terms "accusing you of using or attempting to use," and "excessive and unnecessary force." Insofar as this request would require production of Plaintiff's administrative grievance filed in connection with his claims in this lawsuit (*i.e.*, Log Number PVSP-10-00356), and the materials included in the related appeal package, Mendez objects that . . . these documents are already in Plaintiff's possession, as he included copies of this administrative grievance as an attachment to his original complaint. Without waiving these objections, Mendez responds as follows:

Aside from Plaintiff's relevant administrative grievance (Log Number PVSP-10-00356), Mendez does not have possession, custody, or control of any additional documents responsive to this request.

Discussion:

Based on Defendant's response, Plaintiff appears to have received all responsive documents in the possession of Defendant Mendez. Although Defendant might have the legal right to obtain additional responsive documents, Plaintiff's request is overbroad. All administrative grievances, 602's and staff complaints filed by CDCR prisoners, along with detainees or prisoners in other facilities and jurisdictions, accusing Defendant Mendez of the use of excessive force would require a search of the files for every inmate ever housed in a facility where Defendant Mendez was employed. Not all of these inmate files are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Further, given the scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's motion to compel further response to RFP No. 1 is DENIED.

3

**RFP No. 2:** Produce all documents and evidence (in accordance with Federal Rules of Evidence section 1101) pertaining to, resembling, or indicating you used or attempted to use excessive or unnecessary force.

**Response**: Objection.  This request is compound, overly broad, and vague and ambiguous in terms of time and place, as well as with respect to the terms "documents and evidence, " "pertaining to, resembling, or indicating," and "excessive or unnecessary force."  The request also asks Mendez to render a legal conclusion; namely, by asking him to determine which responsive documents, if any, fall within the legal category of "excessive and unnecessary force."  To the extent that any responsive documents exist, Mendez further objects that this request seeks information pertaining to persons—correctional staff and inmates alike—who are not parties to this action, and that that information is protected by the privacy rights of such persons under federal and state law.  Without waiving these objections, Mendez responds as follows:

Mendez does not have any responsive documents in his possession, custody or control.

<u>Discussion</u>:

Plaintiff's request is both vague and overbroad.  It is neither clear regarding the documents requested, nor is it limited in time or place.  Given the broad scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Accordingly, Plaintiff's motion to compel further response to RFP No. 2 is DENIED.

**RFP No. 3:** Produce all documentation and evidence (in accordance with Federal Rules of Evidence 1101) demonstrating or accusing you of morally lax character, moral turpitude, and having a readiness to lie.

**Response:** Mendez objects that this request is compound, overly broad, and vague and ambiguous with respect to the terms "documentation and evidence," "morally lax character," "moral turpitude," and "having a readiness to lie."  As phrased, this request also appears to be limitless in terms of time, scope, and source.  Further objection is made on the grounds that this request calls for documents neither relevant to the claims at issue in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Last, Mendez objects that this request is entirely without

4

foundation and is intended solely to harass.  Without waiving these objections, Mendez responds as follows:

Mendez is not aware of, and does not have in his possession, custody, or control, any documents responsive to this request.

Discussion:

Based on Defendant Mendez's response, he is not aware of any documents responsive to Plaintiff's request.  Further, Defendant Mendez properly objects to the breadth and scope of this request.  As a practical matter, it is not limited in time, place, scope or source.  Given the broad scope of the request, the burden and expense of a search for the proposed discovery, which is not known to exist, outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Accordingly, Plaintiff's motion to compel further response to RFP No. 3 is DENIED.

**RFP No. 4:** Produce all case titles, case numbers, and case information pertaining to state and federal lawsuits brought against you by prisoners and non-prisoners for any and all conduct pertaining to, resembling, or indicating excessive and unnecessary use of force, assault, or any violent and reckless behavior.

**Response:** Objection.  As it is phrased, this request does not call for the production of documents, tangible things, or any other items covered by Federal Rule of Civil Procedure 34.  So too, the request is compound, overly broad, and vague and ambiguous with respect to the terms "case information pertaining to," "conduct pertaining to, resembling, or indicating," "excessive and unnecessary force," and "other violent and reckless behavior."  This request also asks Mendez to render a legal conclusion; namely, by asking him to determine which responsive documents, if any, fall within the legal category of "excessive and unnecessary force."  To the extent that any responsive documents exist, Mendez objects that this request seeks information pertaining to persons who are not parties to this action, and that information is protected by the privacy rights of such persons under federal and state law.  Without waiving these objections, Mendez responds as follows:

In addition to Plaintiff's allegations in this case, Mendez was named as a defendant, based on allegations that arguably fall within the scope of this request, in the following matters: *Tills v.*

5

*Lamarque*, *et al.*, No. C-04-3763 SI (N.D. Cal.), and *Madrid v. Pease*, *et al.,* No. 11CECG02306 (Fresno Cnty. Sup. Ct.).

Discussion:

Defendant Mendez correctly objects that RFP No. 4 does not request documents or other items contemplated by Federal Rule of Civil Procedure 34.  Further, the request is overly broad because it seeks information regarding all lawsuits ever filed against Defendant Mendez involving force, assault, or reckless behavior.  Given the scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Even if the request were limited to lawsuits involving prisoners, Defendant Mendez likely would have possession or knowledge only of those complaints, if any, that were personally served on him.  Defendant Mendez has complied with the request to the extent that he is able by providing the case title and number of those lawsuits believed responsive to Plaintiff's request.  Plaintiff's motion to compel further response to RFP No. 4 is DENIED.

**RFP No. 5:**  Produce all documents on background work history, reprimands of conduct, verbal document warnings, and memos filed by prison officials. (internal records of documentation)

**Response:**  Mendez objects that this request is compound, overly broad, and vague and ambiguous with respect to the documents sought.  Moreover, the request appears to be limitless in terms of time, place and subject matter. Likewise, the request calls for documents that are neither relevant to the claims and parties in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Because the request does not identify the documents sought with reasonable specificity, Mendez is unable to respond.

Discussion:

Defendant Mendez properly objected to this RFP as overly broad.  It is not limited in terms of time, place or subject matter.  As such, the burden and expense of a search for the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Further, this request seeks documents that are not relevant to the claims and parties and that are not reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's motion to compel further response to RFP No. 5 is DENIED.

**RFP No. 6:** Produce a copy of any and all documents relating to your title as a supervising sergeant, training and education.

**Response**: Objection. This request is compound, and vague and ambiguous with respect to the terms "relating to your title as a supervising sergeant, training and education." In addition, the request seeks production of documents that are neither relevant to the claims in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Mendez further objects that this request is unduly burdensome and oppressive, as it will require him to incur substantial cost searching for documents that are irrelevant, or only marginally relevant, to the claims in this case. Without waiving these objections, Mendez responds as follows:

Mendez produces the following as Attachment A: a copy of Pleasant Valley State Prison's post orders (i.e., a job description) for the position of Correctional Sergeant.

Discussion:

This RFP is overly broad and unduly burdensome. It is not limited in terms of time, place or subject regarding Defendant Mendez's education and training. It also is not limited in its request for documents relating to the position of Correctional Sergeant. As such, the burden and expense of a search for the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Further, this request seeks documents that are not relevant to the claim of excessive force and are not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff's motion to compel further response to RFP No. 6 is DENIED.

**RFP No. 7**: Produce the roster for all prison guards / officials who specifically worked 3rd watch on C-Facility on 2-2-2010.

**Response**: Mendez does not have in his possession, custody, or control, any documents responsive to this request.

Discussion:

The Court cannot compel Defendant Mendez to produce responsive documents not in his possession, custody or control. It is evident that such documents, if they exist, would be in the possession, custody and control of the California Department of Corrections and Rehabilitation. Plaintiff is not precluded from seeking a third-party subpoena for the production of such records.

However, Plaintiff's motion to compel Defendant Mendez to provide a further response to RFP No. 7 is DENIED.

**RFP No. 8:** Produce all written statements, original or copies identifiable as reports about the incident dated 2-2-2010 by D.O.C.S., employees, and witnesses.

**Response:** Mendez objects that this request is compound, and vague and ambiguous with respect to the terms "the incident dated 2-2-2010," and "D.O.C.S." If "the incident" Plaintiff is referring to is the February 2, 2010 physical examination performed by Licensed Vocational Nurse Samonte on the Facility C medical clinic, as documented on Plaintiff's CDC Form 7219, Mendez notes that Plaintiff is already in possession of this document, as he has included it as an exhibit to his original complaint. Without waiving these objections, Mendez responds as follows:

Aside from the CDC Form 7219 referenced above, Mendez does not have in his possession, custody, or control, any additional documents responsive to this request.

<u>Discussion</u>:

As with the prior request, the Court cannot compel Defendant Mendez to produce documents not in his possession, custody or control. It is evident that such documents, if they exist, would be in the possession, custody and control of the California Department of Corrections and Rehabilitation. Plaintiff is not precluded from seeking a third-party subpoena for the production of such records, provided that such request clearly identifies the "incident" and the documents sought. However, Plaintiff's motion to compel Defendant Mendez to provide a further response to RFP No. 8 is DENIED.

**III.   Conclusion and Order**

Based on the foregoing, Plaintiff's motion for an order compelling discovery from Defendant Mendez, which was filed on July 22, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **January 13, 2014**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE