UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Y. A. YATES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS WITHOUT PREJUDICE AS PREMATURE (ECF Nos. 75, 76, 77) |

**I.    Background**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On June 21, 2013, Plaintiff filed motions for sanctions against Defendants Nichols, Gonzales and Mendez on June 21, 2013. (ECF Nos. 75, 76, 77.) On August 12, 2013, the Court ordered Defendants to file oppositions or statements of non-opposition to the sanctions motions within thirty days. The Court indicated that no replies were needed. (ECF No. 85.) On September 3, 2013,

1  Defendants filed a combined opposition to Plaintiff's motions for sanctions.  (ECF No. 90.)  The
2  motions are deemed submitted.  Local Rule 230(l).
3       **II.**     **Discussion**
4              A.  Plaintiff's Motion for Sanctions - Defendant Mendez and Defense Counsel
5       On June 21, 2013, Plaintiff filed a motion for sanctions to be imposed in the amount of
6  $150.00 against Defendant Mendez and his defense counsel.  Plaintiff asserts that sanctions are
7  warranted based on the failure of Defendant Mendez and his counsel to produce documents in
8  response to a request for production served on December 8, 2012.  Plaintiff admits that Defendant
9  Mendez filed a response to the request for production, which included objections, on January 25,
10 2013.  (ECF No. 75.)  Defendants respond that Plaintiff's motion is premature because the Court has
11 not yet ruled on Plaintiff's motion to compel against Defendant Mendez, which was filed after the
12 instant motion for sanctions.  (ECF No. 90.)
13      A plaintiff may seek the payment of expenses or the imposition of sanctions only after the
14 court has granted a motion to compel discovery.  Fed. R. Civ. P. 37(a)(5)(A) (providing that payment
15 of expenses be ordered if motion to compel is granted or discovery is provided after the motion to
16 compel is filed); Fed. R. Civ. P. 37(b)(2) (sanctions may be imposed for failure to comply with court
17 order to provide or permit discovery).
18      Here, Plaintiff filed the instant motion for sanctions before resolution of the pending motion to
19 compel.  As such, Plaintiff's request for sanctions is premature and shall be denied without prejudice.
20 Plaintiff may request expenses if the Court grants his pending motion to compel.  Plaintiff may renew
21 his request for sanctions only if the Court compels Defendant Mendez to comply with Plaintiff's
22 discovery requests and Defendant Mendez thereafter fails to comply with the Court's order.
23             B.  Plaintiff's Motions for Sanctions – Defendants Gonzales and Nichols
24      On June 21, 2013, Plaintiff also filed motions for the imposition of sanctions in the amount of
25 $150.00 against Defendants Gonzales and Nichols, along with defense counsel.  Plaintiff contends that
26 sanctions are warranted based on Defendants' purported failure to provide documents in response to
27 Plaintiff's requests for production served on December 8, 2012.  Plaintiff admits that Defendants
28

Gonzales and Nichols provided responses to his requests for production, which included objections, on January 25, 2013. (ECF Nos. 76, 77.)

As with the motion for sanctions against Defendant Mendez, Plaintiff's request for sanctions against Defendants Gonzales and Nichols is premature. The payment of expenses or the imposition of sanctions is only appropriate after the court has granted a motion to compel discovery. Fed. R. Civ. P. 37(a)(5)(A) (providing that payment of expenses be ordered if motion to compel is granted or discovery is provided after the motion to compel is filed); Fed. R. Civ. P. 37(b)(2) (sanctions may be imposed for failure to comply with court order to provide or permit discovery). There are no motions to compel currently pending against Defendants Gonzales and Nichols, and there is no assertion that Defendants Gonzales and Nichols failed to comply with a court order requiring them to provide requested discovery. Consistent with the discovery deadlines in this matter, Plaintiff is not precluded from filing a motion to compel against Defendant Gonzales.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motions for sanctions, filed on June 21, 2013, are DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated: **January 13, 2014**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE