UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Y. A. YATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT SAMONTE SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF No. 102)<br><br>THIRTY-DAY DEADLINE |

**I.	Introduction**

Plaintiff Curtis Renee Jackson, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 18, 2011. (ECF No. 1.) This action proceeds on Plaintiff's second amended complaint against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

**II.	Service by the United States Marshal**

On June 7, 2012, following screening of the second amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Daley, Gonzales, Mendez, Nichols, Samonte and Valdez. (ECF No. 33.) On January 15, 2014, the United States Marshal filed a return of service unexecuted as to Defendant Samonte. (ECF No. 102.)

1

1  Federal Rule of Civil Procedure 4(m) provides as follows:

2  If a defendant is not served within 120 days after the complaint is filed, the court—on
3  motion or on its own after notice to the plaintiff—must dismiss the action without
   prejudice against that defendant or order that service be made within a specified time.
4  But if the plaintiff shows good cause for the failure, the court must extend the time for
   service for an appropriate period.

5

6  Fed.R.Civ.P. 4(m).

7  In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
8  court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se
9  plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
10 summons and complaint, and ... should not be penalized by having his or her action dismissed for
11 failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties
12 required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the
13 prisoner has furnished the information necessary to identify the defendant, the marshal's failure to
14 effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
15 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d
16 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and
17 sufficient information to effect service of the summons and complaint, the Court's sua sponte
18 dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.
19 In this case, Plaintiff has not provided sufficient information to identify Defendant Samonte
20 and to locate this defendant for service of process. (ECF No. 102.) If Plaintiff is unable to provide the
21 Marshal with additional information, Defendant Samonte shall be dismissed from this action, without
22 prejudice. Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause
23 why Defendant Samonte should not be dismissed from the action at this time.

24 **III.   Conclusion and Order**

25 Based on the foregoing, it is HEREBY ORDERED that:

26 1.   Within thirty (30) days from the date of service of this order, Plaintiff shall show cause
27 why Defendant Samonte should not be dismissed from this action; and

28

    2.    <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Samonte from this action.</u>

IT IS SO ORDERED.

    Dated:   **February 13, 2014**          /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE