UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON, | ) Case No.: 1:11-cv-00080-LJO-BAM PC |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE |
| v. | ) (ECF No. 106) |
| Y. A. YATES, et al., | ) |
| Defendants. | ) ORDER REGARDING DISCOVERY STATUS (ECF Nos. 112, 114, 116) |
| | ) Limited Discovery Deadline:  May 12, 2014 |
| | ) Dispositive Motion Deadline:  July 24, 2014 |

### I. Background

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On September 6, 2013, the Court granted Plaintiff's unopposed motions for an extension of the discovery deadline for the limited purpose of resolving Plaintiff's pending discovery motions and allowing Plaintiff to file any motions to compel related to discovery requested from Defendants

1

Nichols, Gonzales and Mendez. The Court set the deadline to complete such discovery as October 25, 2013, and the deadline to file dispositive motions as January 6, 2014. (ECF No. 92.)

On November 22, 2013, Plaintiff filed a motion requesting a sixty-day extension of the discovery deadlines in this matter. (ECF No. 97.) Defendants did not file an opposition or statement of non-opposition.

On January 6, 2014, Defendants filed a motion to modify the dispositive motion deadline to January 20, 2014. (ECF No. 98.)

On January 13, 2014, the Court granted Plaintiff's request to extend the discovery deadline. However, the Court extended the discovery deadline solely for the limited purpose of resolving Plaintiff's then-pending discovery motions and allowing Plaintiff to file any motion to compel related to discovery requested from Defendant Gonzales. The Court extended the deadline to complete such discovery to February 25, 2014. The Court also extended the corresponding deadline to file dispositive motions to April 25, 2014. (ECF No. 99.)

On January 13, 2014, the Court resolved Plaintiff's pending discovery motions. In the order denying Plaintiff's motion for sanctions against Defendants Gonzales and Nichols, the Court reiterated its position that Plaintiff was not precluded from filing a motion to compel against Defendant Gonzales. (ECF No. 101, p. 3.) In the order denying Plaintiff's motion to compel, the Court also informed Plaintiff that he was not precluded from seeking a subpoena duces tecum to obtain documents in the possession of the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 100, p. 7.)

On February 27, 2014, Plaintiff filed the instant motion requesting a 30-day extension of time to submit a subpoena duces tecum to obtain discoverable documents from Defendants Nichols, Gonzales and Mendez. Plaintiff reported that he was almost forty-percent complete with motions and would complete all motions within fourteen days and submit them. (ECF No. 106.)

1   On March 11, 2014, Defendants Daley and Valdez appeared and filed an answer in this action.[1]
2   (ECF No. 110) Following receipt of the answer, the Court directed the parties to file a status report
3   addressing what, if any, additional discovery was necessary. The Court also directed Defendants to
4   file a response to Plaintiff's pending motion to extend the discovery deadline. (ECF No. 112.)

5   On March 25, 2014, Defendants filed their statement regarding additional discovery.
6   Defendants do not believe that any additional discovery will be needed. (ECF No. 114.) Defendants
7   also opposed Plaintiff's motion for a 30-day extension of time. (ECF No. 115.)

8   On March 31, 2014, Plaintiff filed his statement regarding additional discovery. The bulk of
9   Plaintiff's statement concerns the procedural history of this case, along with Plaintiff's complaints that
10  Defendants Mendez, Nichols and Gonzales and their counsel have failed to produce requested
11  documents. Plaintiff does not identify any additional discovery needed from the newly appearing
12  defendants in this action. (ECF No. 116.)

13  **II.     Plaintiff's Motion for Extension of Time**

14  On February 27, 2014, Plaintiff requested a thirty-day extension of the discovery deadline to
15  submit a subpoena duces tecum to obtain discoverable documents from Defendants Nichols, Gonzales
16  and Mendez. (ECF No. 106.) Defendants opposed the motion on March 25, 2014. (ECF No. 115.)
17  The motion is deemed submitted. Local Rule 230(l).

18  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the
19  judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the
20  diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
21  609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be
22  met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the
23  inquiry should end. Id.

24  In this instance, the Court will grant Plaintiff a brief extension of the discovery deadlines in
25  this matter for the purpose of seeking subpoenas duces tecum. Contrary to Defendants' claim,

---

[1] Defendant Samonte is the only remaining unserved defendant. On March 6, 2014, the Court issued a second order directing service of Defendant Samonte based on new information submitted by Plaintiff. To date, there is no indication that Defendant Samonte has been served.

Plaintiff has demonstrated good cause to extend the discovery deadline. Plaintiff could not pursue subpoenas until after the Court ruled on his discovery motions. In denying Plaintiff's motion to compel on January 13, 2014, the Court expressly informed Plaintiff that he could seek a third-party subpoena for the production of certain records in the possession, custody and control of the CDCR. (ECF No. 100, p. 7.) Thereafter, Plaintiff began drafting his motions and timely requested the instant extension of time. (ECF No. 106.) Accordingly, Plaintiff's motion for an extension of the discovery deadline shall be granted <u>only</u> for the purpose of filing motions for third-party subpoenas.

Plaintiff has advised the Court that his motions for subpoenas are forty-percent complete. As a result, Plaintiff should have sufficient time within the next thirty (30) days to serve and file any such motions. Plaintiff is advised that any motion seeking a subpoena should identify the particular documents or types of documents that he seeks from CDCR and be limited in scope and time. Overbroad requests will not be permitted.

In the interests of judicial economy, the Court will extend the corresponding deadline for filing dispositive motions an additional ninety days.

### III.   Additional Discovery – Defendants Daley and Valdez

On May 30, 2012, the Court found a cognizable Eighth Amendment claim against Defendant Mendez for excessive force and against Defendants Daley, Samonte, Nichols, Valdez, and Gonzales for failure to intervene. Defendants Gonzales, Mendez and Nichols answered Plaintiff's second amended complaint on November 16, 2012, and the Court issued a Discovery and Scheduling Order on November 27, 2012.

On January 15, 2014, a summons was returned unexecuted for Defendant Samonte. Following receipt of information from Plaintiff, the Court issued a second order directing the United States Marshal to serve Defendant Samonte on March 6, 2014.

On March 10, 2014, Defendants Daley and Valdez filed an answer to the second amended complaint. There is no indication that Defendant Samonte has been served.

The deadline to complete discovery expired on February 27, 2014, but will now be extended for the limited purpose discussed above. The deadline to file dispositive motions is April 25, 2014, but also will be extended.

4

Due to the recent appearance of Defendants Daley and Valdez, the Court ordered the parties to file a status report addressing what, if any, additional discovery is necessary in this action. (ECF No. 112, p. 2.) All defendants are allegedly part of the same incident at issue in this action.

On March 25, 2014, Defendants filed their status report. Defendants do not believe that any additional discovery will be needed to prepare and file their summary judgment. Defendants intend to file such a motion on behalf of all five Defendants on or before the dispositive motion deadline.

On March 31, 2014, Plaintiff filed his status report. Contrary to the Court's direction, Plaintiff did not identify what additional discovery is necessary in this action. In other words, Plaintiff did not list any specific documents or specific areas of discovery related to Defendants Daley and Valdez. Rather, Plaintiff alleges that Defendants Gonzalez, Mendez and Nichols have failed to produce documents regarding their past history of "harmful misdeeds against prisoners during their employment with the Department of Corrections and Rehabilitation." (ECF No. 116, p. 6.) However, as the Court previously informed Plaintiff, his discovery requests seeking similar information were overly broad and the burden and expense of a search for the proposed discovery outweighed its likely benefit. (See, e.g., ECF No. 100, pp. 3.)

Plaintiff has not established any need for discovery from Defendants Daley and Valdez. As a result, the Court finds that additional discovery related to Defendants Daley and Valdez is not necessary; the Court will not re-open discovery for this purpose. To the extent that he is able, Plaintiff may pursue relevant documents regarding Defendants Daley and Valdez through a subpoena duces tecum for the production of documents by the CDCR.

Insofar as Plaintiff is concerned about discovery related to Defendant Samonte, this concern is premature. There is no indication that Defendant Samonte has been served in this action. If Defendant Samonte is served and appears in this action, the Court will address discovery related to Defendant Samonte at that time.

**IV.   Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of the discovery deadline, filed on February 27, 2014, is GRANTED only for the purpose of filing a motion for a third-party subpoena;

2. Plaintiff shall serve and file any motion seeking a third-party subpoena within thirty (30) days of the date of this order;

3. The Court declines to re-open discovery for any other purpose; and

4. The deadline to file dispositive motions is extended an additional ninety (90) days to July 24, 2014.

IT IS SO ORDERED.

Dated:   **April 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE