UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>Y. A. YATES, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM WITHOUT PREJUDICE<br><br>(ECF No. 119) |

**I.      Background**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

On April 14, 2014, the Court granted Plaintiff a thirty-day extension of time to file any motion seeking a third party subpoena.  (ECF No. 117.)  On May 13, 2014, Plaintiff filed subpoenas. Consistent with this Court's practice, the subpoenas are construed as a motion seeking the issuance of

1

subpoenas deuces tecum.  According to the papers filed by Plaintiff, he seeks third-party subpoenas directed to (1) the Inspector General of the State of California for all 602s, grievances or lawsuits against Defendant J. Mendez; (2) the Board of Vocational Nursing and Psychiatric Technicians for all grievances against Defendant F. Valdez; (3) the Board of Vocational Nursing and Psychiatric Technicians for all complaints or grievances against Defendant C. Nichols; (4) the Board of Vocational Nursing and Psychiatric Technology for all complaints or grievances against Defendant J. Gonzales; (5) the California Department of Corrections and Rehabilitation for all complaints and 602s against Defendant F. Valdez; (6) the California Department of Corrections and Rehabilitation for all statements and reports regarding the February 2, 2010 physical examination of Plaintiff and the roster of all prison guards and medical staff working third watch on C-Facility on February 2, 2010: (7) the California Department of Corrections and Rehabilitation for all complaints, 602s or other grievances against Defendant J. Gonzales; (8) the California Department of Corrections and Rehabilitation for all complaints, 602s, grievances and lawsuit case numbers against Defendant J. Mendez; (9) the California Department of Corrections and Rehabilitation for all complaints, 602s or other grievances against Defendant S. Daley; and (10) the California Department of Corrections and Rehabilitation for all complaints, 602s or other grievances against Defendant C. Samonte.  (ECF No. 119.)

The Court finds it appropriate to address the motion for subpoenas without a response from Defendants.  As the Court intends to deny the motion, Defendants will not prejudiced by the inability to respond and the motion is deemed submitted.  Local Rule 230(l).

**II.     Discussion**

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents.  Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party.

Plaintiff's instant request for subpoenas does not meet these requirements. Although Plaintiff has identified the documents sought and from whom, the subpoenas do not establish that the records are only obtainable through the specified third party. More importantly, Plaintiff has not established that the requested documents are relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b). Indeed, most, if not all, of the requests are overly broad and will result in the production of irrelevant documents and records. Any third party requests must be limited such that the burden or expense of the proposed discovery does not outweigh its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's instant request for subpoenas shall be denied without prejudice.

Plaintiff will be permitted to renew his request for third-party subpoenas by filing a motion that (1) sets forth the documents requested and from whom; (2) demonstrates that the documents are only obtainable through the third party; and (3) establishes the relevance of the requested documents to any claim or defense. If the issuance of any subpoena duces tecum is ultimately found to be necessary, the Court will extend the dispositive motion deadline to accommodate completion of that further discovery.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the issuance of subpoenas duces tecum is DENIED without prejudice; and
2. Within thirty (30) days, Plaintiff shall serve and file any motion seeking third-party discovery in compliance with this order.

IT IS SO ORDERED.

Dated: **May 15, 2014**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE