1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CURTIS RENEE JACKSON,                )   Case No.: 1:11-cv-00080-LJO-BAM PC
                                          )
12              Plaintiff,                )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                          )   ISSUANCE OF SUBPOENAS DUCES TECUM
13        v.                              )   (ECF No. 125)
                                          )
14   Y. A. YATES, et al.,                 )
                                          )
15              Defendants.               )
                                          )
16   _____    )

17        **I.      Background**

18        Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

20   Plaintiff's second amended complaint, filed on May 7, 2012, against Defendant Mendez for excessive

21   force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez

22   and Gonzales for failure to intervene in violation of the Eighth Amendment.

23        On April 14, 2014, the Court granted Plaintiff a thirty-day extension of time to file any motion

24   seeking a third party subpoena.  (ECF No. 117.)  On May 13, 2014, Plaintiff filed subpoenas.

25   Consistent with this Court's practice, the subpoenas were construed as a motion seeking the issuance

26   of subpoenas deuces tecum.  On May 15, 2014, the Court denied Plaintiff's motion for the issuance of

27   subpoenas without prejudice to re-filing subject to certain requirement.  (ECF No. 120.)  On June 19,

28   2014, Plaintiff filed the instant motion requesting issuance of subpoenas duces tecum for the

                                             1

1    production of documents.  (ECF No. 125.)  Defendants did not file a response and the motion is

2    deemed submitted.  Local Rule 230(l).

3          **II.        Discussion**

4          As Plaintiff was previously informed, subject to certain requirements, he is entitled to the

5    issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P.

6    45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  The Court will

7    consider granting such a request only if the documents sought from the non-party are not equally

8    available to Plaintiff and are not obtainable from Defendants through a request for the production of

9    documents.  Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires Plaintiff to:

10   (1) identify with specificity the documents sought and from whom, and (2) make a showing that the

11   records are only obtainable through that third party.

12         In this case, the Court expressly instructed that any renewed motion for the issuance of third-

13   party subpoenas must (1) set forth the documents requested and from whom; (2) demonstrate that the

14   documents are only obtainable through the third party; and (3) establish the relevance of the requested

15   documents to any claim or defense.   (ECF No. 120, p. 3.)

16         Plaintiff's moving papers, which appear to have been prepared by an attorney (Dale

17   McKinney), blatantly disregard the Court's instructions.  Plaintiff does not identify the requested

18   documents or demonstrate their relevance to his claims or defenses.  Instead, he refers the Court to the

19   attached subpoenas and asserts that the requests contained therein are not overly broad or likely to

20   result in the production of irrelevant documents.  (ECF No. 125, p. 4.)  He also asserts that the

21   requested documents "will show that the Defendant has established a pattern of conduct from past

22   practices that will show the treatment he subjected the Plaintiff to is consistent with previous conduct."

23   (ECF No. 125, p. 4.)  Plaintiff's statement of purported relevance is not availing.  Rather, Plaintiff

24   appears to place the burden on the Court to sift through the ten subpoenas he has submitted and

25   determine whether the requests contained in them appropriately fall within the scope of this action and

26   are relevant to a claim or defense.  The Court declines to expend its already taxed resources to do so.

27   Accordingly, the Court finds that Plaintiff has not established that the requested documents are

28   relevant to any claim or defense in this action.  Fed. R. Civ. P. 26(b).  Plaintiff also has not established

1    that the third party requests are limited such that the burden or expense of the proposed discovery does

2    not outweigh its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

3            Additionally, the Court declines to correlate the document requests to any prior document

4    request served on Defendants.  Although Plaintiff contends that Defendants have asserted that certain

5    additional documents are not in their possession, custody or control, this is not sufficient.

6        **III.        Conclusion and Order**

7            For the reasons stated, Plaintiff's motion for the issuance of subpoenas duces tecum, filed on

8    June 19, 2014, is DENIED.

9    IT IS SO ORDERED.

10

      Dated:    **August 5, 2014**                   /s/ *Barbara A. McAuliffe*

11                                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3