UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>Y. A. YATES, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-00080-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION TO RE-OPEN DISCOVERY AS TO CLAIM AGAINST DEFENDANT SAMONTE, AND SUBMIT STATUS REPORT<br>(ECF No. 127)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF THIRTY (30) DAYS TO SUBMIT STATUS REPORT AS TO CLAIM AGAINST DEFENDANT SAMONTE TO RE-OPEN DISCOVERY<br>(ECF No. 128) |

**I.    Background**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 30, 2012, the Court found a cognizable Eighth Amendment claim against Defendant Mendez for excessive force and against Defendants Daley, Samonte, Nichols, Valdez, and Gonzales for failure to intervene. Defendants Gonzales, Mendez and Nichols answered Plaintiff's second

1

amended complaint on November 16, 2012, and the Court issued a Discovery and Scheduling Order on November 27, 2012.

On January 15, 2014, a summons was returned unexecuted for Defendant Samonte. Following receipt of information from Plaintiff, the Court issued a second order directing the United States Marshal to serve Defendant Samonte on March 6, 2014.

On March 10, 2014, Defendants Daley and Valdez filed an answer to the second amended complaint. Following a request for status and a motion by Plaintiff, the Court extended the discovery deadline to May 12, 2014, solely to permit Plaintiff to file a motion for a third-party subpoena. The Court also extended the dispositive motion deadline to July 24, 2014.

After expiration of the discovery deadline, Defendant Samonte filed an answer to the second amended complaint on May 29, 2014. As Defendant Samonte is part of the same incident at issue in this action, on June 2, 2014, the Court directed the parties to file a status report within twenty-one (21) days addressing what, if any, additional discovery was necessary related to the claim against Defendant Samonte.

On June 12, 2014, Defendants filed a status report indicating that no additional discovery was necessary as to the claim against Defendant Samonte or for Defendant Samonte to prepare and file a motion for summary judgment by the current deadline of July 24, 2014. (ECF No. 124.) Plaintiff did not file a status report in response to the Court's order.

On July 2, 2014, the Court found that no further discovery was necessary regarding the claim against Defendant Samonte and declined to re-open discovery. (ECF No. 126.)

On July 24, 2014, Plaintiff filed a motion for reconsideration as to the Court's order declining to re-open discovery. (ECF No. 127.) Plaintiff also filed a motion for a thirty-day extension of time to submit a status report. The motion was dated June 14, 2014. (ECF No. 128.)

Defendants did not file any response and the motions are deemed submitted. Local Rule 230(l).

**II.     Discussion**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

2

is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

In seeking reconsideration, Plaintiff states that he submitted a motion for an extension of time to submit his status report and believed it would be granted or denied.  Plaintiff explains that he has submitted a copy of the motion for an extension of time.  Presumably, Plaintiff's motion for an extension of time, which is dated June 14, 2014, is the motion referenced in Plaintiff's moving papers. The motion for extension of time merely states that Plaintiff needed more time to prepare the status report and to access the law library.  (ECF No. 128, pp. 1-2.)

The Court has considered Plaintiff's motion for reconsideration and his motion for an extension of time, but does not find any basis to reverse its prior decision or grant an extension of time.  Plaintiff's motion for reconsideration does not identify or even suggest the nature of any further discovery he might need with regard to the claim against Defendant Samonte.  In other words, Plaintiff has not identified any basis for reconsideration of the Court's decision.

Although Plaintiff requested additional time for law library access, Plaintiff does not require law library access to determine what additional facts, evidence or documents are needed from Defendant Samonte that were not available to him through prior discovery related to the same incident.  In short, Plaintiff has not presented good cause for an extension of time.  However, to the extent Plaintiff requires additional discovery to oppose Defendants' motion for summary judgment, he is not precluded from filing a motion pursuant to Federal Rule of Civil Procedure 56(d).

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration to re-open discovery as to claim against Defendant Samonte, filed on July 14, 2014, is DENIED; and

2. Plaintiff's motion for an extension of time to file a status report as to claim against Defendant Samonte, filed on July 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **August 7, 2014**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE