UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Y. A. YATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST COUNSEL DALE MCKINNEY<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF ORDER ON DALE MCKINNEY |

　　　　Plaintiff Curtis Renee Jackson, ("Plaintiff"), a state prisoner filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 18, 2011. This action proceeds on Plaintiff's second amended complaint against Defendant Mendez for excessive force in violation of the Eighth Amendment; and against Defendants Daley, Samonte, Nichols, Valdez and Gonzales for failure to intervene in violation of the Eighth Amendment.

　　　　Counsel Dale McKinney ("Counsel") submitted papers signed on behalf of Plaintiff in this action. (ECF No. 137.) As Counsel was not the attorney of record for Plaintiff and had not filed a notice of appearance or notice of substitution, the Court issued an order on November 25, 2014, directing Counsel to show cause in writing why sanctions should not be imposed for the failure to comply with this Court's rules within fourteen days. (ECF No. 139.)

1

On December 8, 2014, Counsel filed a response to the order to show cause. In the response, Counsel represents that he assisted Plaintiff in this matter "by typing his papers as well as mailing them for Plaintiff." (ECF No. 140, p. 1.) Counsel also represents that he signed the documents for Plaintiff at Plaintiff's request so that they could be filed on time, not as any indication of representation. Counsel did not know or believe that he was violating any rules of court for typing and mailing Plaintiff's papers. (Id. at p. 2.)

This Court recognizes that there are certain degrees of undisclosed attorney guidance for clients that need not be prohibited. A licensed attorney does not violate procedural, substantive, and professional rules of a federal court by lending some assistance to friends, family members, and others with whom he or she may want to share specialized knowledge. Attorneys cross the line, however, when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. "With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door." Ricotta v. Cal., 4 F.Supp.2d. 961, 987 (S.D. Cal. 1998). The Court advises Counsel McKinney that anyone who may be assisting Plaintiff by the continued practice of "ghostwriting" may be violating the rules of professional conduct and will undermine Plaintiff's pro se status before this Court. Based upon counsel's response, the Court accepts counsel's representation of good faith. No further action will be taken at this time.

Accordingly, it is HEREBY ORDERED that:

1. The Order to Show Cause issued on November 25, 2014, is DISCHARGED; and
2. The Clerk of the Court is directed to serve a copy of this order on Dale McKinney at 2251 Florin Road, Suite 138, Sacramento, California 95822.

IT IS SO ORDERED.

Dated: **December 10, 2014**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE