UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURTIS RENEE JACKSON,

Plaintiff,

v.

Y.A. YATES, et al.,

Defendant.

1:11-cv-00080-LJO-BAM (PC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 149)

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim that Defendant Mendez used excessive force in violation of the Eighth Amendment by dumping Plaintiff from his wheelchair and dragging him on the concrete floor and Plaintiff's claim that Defendants Samonte, Daley, Nichols, Gonzales and Valdez violated his Eighth Amendment rights by failing to intervene in the alleged use of excessive force by Defendant Mendez. This action is scheduled for jury trial on August 18, 2015.

On February 25, 2015, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff asserts that he is indigent and his imprisonment limits his ability to litigate this action. Plaintiff also asserts that he is a paraplegic taking pain medication and his injury prohibits him from remaining in a sitting position for over an hour.

The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. This Court is faced with similar cases almost daily from indigent prisoners. Plaintiff's inability to sit for more than one hour will not be alleviated by the appointment of counsel and, as appropriate and necessary, Plaintiff will be provided with breaks during the course of trial. Further, although this matter is proceeding to trial, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 2, 2015**

/s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE