# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>Y. A. YATES, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-00080-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING DEFENDANTS TO PROVIDE PLAINTIFF WITH LOCATION OF INMATE WITNESSES<br><br>(ECF No. 152) |

     Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim that Defendant Mendez used excessive force in violation of the Eighth Amendment by dumping Plaintiff from his wheelchair and dragging him on the concrete floor and Plaintiff's claim that Defendants Samonte, Daley, Nichols, Gonzales and Valdez violated his Eighth Amendment rights by failing to intervene in the alleged use of excessive force by Defendant Mendez.

     On January 13, 2015, the Court issued a Second Scheduling Order, which requires Plaintiff to submit a pretrial statement on or before June 25, 2015.  As part of the pretrial statement, Plaintiff is required to identify the name and addresses of his prospective witnesses.  Local Rule 281(b)(10).

     On May 4, 2015, Plaintiff filed the instant motion requesting a Court order directing Defendants to produce and provide Plaintiff with the locations of the following inmate witnesses:  (1)

1  Michael Laster, CDCR #G-10345; (2) Jesus R. Castaneda, CDCR #K-23993; (3) Michael O'Neal,
2  CDCR #F-46839; and (5) David Urata, CDCR #AC-0046.  Plaintiff states that this information is
3  necessary to complete his pretrial statement pertaining to these witnesses and their locations.
4        Although Local Rule 281 requires Plaintiff to provide the addresses of any potential
5  incarcerated witnesses, Plaintiff need only provide the last known location of these witnesses.  More
6  importantly, if Plaintiff intends to file a motion for the attendance of these incarcerated witnesses,
7  Plaintiff must first demonstrate that these prospective inmate witnesses have actual knowledge of the
8  relevant facts.  In the event such a motion is granted, the Court will secure the necessary addresses for
9  the issuance of any writ of habeas corpus ad testificandum.
10       For these reasons, Plaintiff's motion for an order directing Defendants to provide him with the
11 current location of inmate witnesses is HEREBY DENIED.
12
13 IT IS SO ORDERED.
14    Dated:   **June 15, 2015**                    /s/ *Barbara A. McAuliffe*
15                                            UNITED STATES MAGISTRATE JUDGE