UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>        Plaintiff,<br><br>     v.<br><br>Y. A. YATES, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00080-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF Nos. 156, 157, 158, 159) |

**I.   Background**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim that Defendant Mendez used excessive force in violation of the Eighth Amendment by dumping Plaintiff from his wheelchair and dragging him on the concrete floor and Plaintiff's claim that Defendants Samonte, Daley, Nichols, Gonzales and Valdez violated his Eighth Amendment rights by failing to intervene in the alleged use of excessive force by Defendant Mendez.  The matter is set for a jury trial on August 18, 2015.

On June 29, 2015, Plaintiff moved for the attendance at trial of the following incarcerated witnesses:  (1) Inmate Jesus Castaneda (CDCR #K-23993); (2) Inmate Michael O'Neal (CDCR #F-46893); (3) Inmate David Urata (CDCR #AC-0046); and (4) Inmate Michael Laster (CDCR #G-

1

10345).  Defendants opposed the motion on July 3, 2015.  The motion is deemed submitted.  Local Rule 230(l).

## II. Motions for the Attendance of Incarcerated Witnesses

### A. Legal Standard

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).

### B. Discussion

#### 1. Inmate Jesus Castaneda (K-23993)

In support of his motion, Plaintiff submits the declaration of Inmate Jesus Castaneda.  The declaration concerns an incident witnessed by Inmate Castaneda on February 7, 2010, which involved Defendant Mendez and Inmate John Madrid.  Inmate Castaneda declares, in part, that Defendant Mendez was involved in the beating, kicking and stomping of Inmate Madrid.  Inmate Castaneda claims that Defendant Mendez lead multiple officers in the attempted murder of Inmate Madrid.  Inmate Castaneda also claims that Defendant Mendez failed to accurately document the incident by not reporting the kicking and stomping he inflicted on Inmate Madrid or the kicking and stomping by other officers following his lead. Plaintiff claims that he requires this witness "to show, and prove a[n] abusive, vicious, and consistant [sic] violent pattern of Defendant J. Mendez behavior."  (ECF No. 156, p. 1.)

Defendants argue that this witness is not qualified to testify because he does not have personal knowledge regarding the events at issue. Defendants also argue that Inmate Castaneda's proposed testimony is irrelevant to the claims at issue and would be improper character evidence.

Here, Plaintiff fails to demonstrate that Inmate Castaneda has any knowledge of the events at issue in this action. Rather, it appears that Inmate Castaneda intends to testify regarding a prior bad act by Defendant Mendez. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting in part *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.* The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test. *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998).

Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendant Mendez committed the acts alleged by Inmate Castaneda. The inmate's declaration alone is not sufficient to demonstrate that the asserted act occurred, and likely would result in a mini-trial during the course of testimony. Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b). Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant Mendez, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. Inmate Castaneda's testimony will not substantially further the resolution of this case. *Wiggins*, 717 F.2d at 468 n.1.

///

2. <u>Inmate Michael O'Neal (F-46893)</u>

Plaintiff submits the affidavit of Inmate O'Neal, which states, in relevant part, as follows:

> On 02-20-2010 at approximately 1435 hrs on C-Yard, I personally witness Sgt. J. Mendez using extreme force to handcuff Inmate Jackson . . . behind his back, while Jackson commonly sat in his wheel chair, and if called upon to testify, I would. [¶] I personally heard inmate Jackson tell Sgt. J. Mendez "Quote" I have a medical chrono for waistchains, you are violating the remedial plan, "Armstrong vs. Schwarzenegger" concerning restraints. [¶] Inmate Jackson remained common, and was subsequently escorted from housing unit.

(ECF No. 157, Affidavit of Michael O'Neal, ¶¶ 2-4.) Plaintiff requests this witness at trial "to show, and prove that Defendant used unnecessary force on Plaintiff, and that Defendant J. Mendez has an abusive, vicious, and consistant [sic] violent pattern when dealing with most inmates." (ECF No. 157, pp. 1-2.)

Inmate O'Neal's anticipated testimony concerns allegations that are no longer at issue in this action; that is, whether Defendant Mendez used excessive force to handcuff Plaintiff behind his back to transport him to the clinic despite a medical chrono for waist chains. As Inmate O'Neal's proposed testimony is irrelevant to the remaining claims, his presence will not substantially further the resolution of the case. *Wiggins*, 717 F.2d at 468 n.1.

3. <u>Inmate David Urata (AC-0046)</u>

Plaintiff submits the declaration of Inmate Urata, who states, in relevant part, as follows:

> On October 4th 2012 I did go to the Dining Hall of facility C to where I was chosen for a random search. [¶] Immediately after the search I was called over by Sgt Mendez and told to give him my I.D. and turn around. [¶] I complied, and Sgt Mendez kicked my leg violently causing me to stumble and started pulling back on shirt collar choking me. I also was victim to threatening profanities by this officer.

(ECF No. 158, Declaration of David Urata, ¶¶ 3-5.) Plaintiff requests Inmate Urata's testimony "to show, and prove a[n] abusive vicious, and consistant [sic] violent pattern of Defendant J. Mendez behavior." (ECF No. 158, p. 2.)

As with the proposed testimony of Inmate Castaneda, Defendants argue that Inmate Urata is not qualified to testify because he does not have personal knowledge regarding the events at issue.

4

Defendants also argue that Inmate Urata's proposed testimony is irrelevant to the claims at issue and would be improper character evidence.

Here, Plaintiff fails to demonstrate that Inmate Urata has any knowledge of the events at issue in this action.  Instead, Inmate Urata's proposed testimony concerns an alleged prior bad act by Defendant Mendez.  As discussed above, evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1).  However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Evidence may be admitted pursuant to 404(b) if it tends to prove a material point, the act is not too remote in time, the evidence is sufficient to support a finding that defendant committed the other act, and, in certain cases, the act is similar to the offense charged.  *Cherer*, 513 F.3d at 1157.

Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendant Mendez committed the acts alleged by Inmate Urata.  *Cherer*, 513 F.3d at 1157.  The inmate's declaration alone is not sufficient to demonstrate that the asserted act occurred, and likely would result in a mini-trial during the course of testimony.  Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b).  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant Mendez, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.  Inmate Urata's testimony will not substantially further the resolution of this case.  *Wiggins*, 717 F.2d at 468 n.1.

4.   Inmate Michael Laster (G-10345)

Plaintiff submits the affidavit of Inmate Michael Laster, which concerns an incident involving Defendant Mendez and Inmate Laster on September 20, 2009.  In his declaration, Inmate Laster states, in relevant part, as follows:

> On 9-20-2009 while in the dinning [sic] hall on C-Yard eating dinner, C/O Moore began to release inmates who were finish[ed] eating their meal.  C/O Moore began to release inmates starting at the first row of tables, which are at least six tables.  C/O Moore released the second and third row.  I was sitting in row three along for an additional

> minute after. Shortly after completing my meal, I decided to leave with row five, Sgt. J. Mendez "stated Quote," "Something I didn't hear." I approach Sgt. J. Mendez and quickly grab[b]ed me and slam[m]ed me on the table, which my back locked up. Medical personnel from the C-yard satilite [sic] clinic was called. They eventually determine that it was best to transport me to the satilite [sic] by utilizing a stokes litter, based on my condition. [¶] For the record, I am African American, mobility and hearing impaired, plus I use a cane to amulate [sic] for balance and travel [due] to a motorcycle accident back in 1990 which I cracked my "hip," and dislocated my pelvis as a result. [¶] I also wear a special [labeled] institutional vest (medical vest) that list my medical condition in big bold black letter "Mobility and Hearing Impaired," Sgt. J. Mendez was never suppose[d] to touch me, or use any type of aggression, or [pose] a threat. I was only trying to [hear] and understand what was being said to me. [¶] Sgt. J. Mendez has a history of attacking African American inmates, who are mobility impaired . . . and then use a method of reverse action to cover up the wrong doing and justify the need of physical force.

(ECF No. 159, Affidavit of Michael Laster, ¶¶ 3-6.) Plaintiff requests Inmate Laster's testimony "to show, and prove a[n] abusive vicious, and consistant [sic] violent pattern of Defendant J. Mendez behavior." (ECF No. 159, p. 1.)

As with the proposed testimony of Inmates Castaneda and Urata, Defendants argue that Inmate Laster is not qualified to testify because he does not have personal knowledge regarding the events at issue. Defendants also argue that Inmate Laster's proposed testimony is irrelevant to the claims at issue and would be improper character evidence.

Here, Plaintiff fails to demonstrate that Inmate Laster has any knowledge of the events at issue in this action. Instead, Inmate Laster's proposed testimony concerns an alleged prior bad act by Defendant Mendez, which is inadmissible character evidence. Fed. R. Evid. 404(b)(1). This evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). However, such evidence only may be admitted pursuant to 404(b) if it tends to prove a material point, the act is not too remote in time, the evidence is sufficient to support a finding that defendant committed the other act, and, in certain cases, the act is similar to the offense charged. *Cherer*, 513 F.3d at 1157.

Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendant Mendez committed the acts alleged by Inmate Laster. *Cherer*, 513 F.3d at 1157. The inmate's declaration alone is not sufficient to demonstrate that

the asserted act occurred.  Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b).  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant Mendez, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.  Inmate Laster's testimony will not substantially further the resolution of this case. *Wiggins*, 717 F.2d at 468 n.1.

### III.  Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witness Jesus Castaneda (CDCR #K-23993), filed on June 29, 2015, is DENIED;
2. Plaintiff's motion for the attendance of incarcerated witness Michael O'Neal (CDCR #F-46893), filed on June 29, 2015, is DENIED;
3. Plaintiff's motion for the attendance of incarcerated witness David Urata (CDCR #AC-0046), filed on June 29, 2015, is DENIED; and
4. Plaintiff's motion for the attendance of incarcerated witness Michael Laster (CDCR # G-10345), filed on June 29, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **July 17, 2015**                                **/s/ Lawrence J. O'Neill**
                                                                              UNITED STATES DISTRICT JUDGE