UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURTIS RENEE JACKSON,**<br><br>         **Plaintiff,**<br><br>    v.<br><br>Y. A. YATES, et al.,<br><br>         **Defendants.** | Case No.  1:11-cv-00080-BAM (PC)<br><br>**ORDER VACATING TRIAL DATE AND MOTION IN LIMINE HEARING DATE, AND SETTING STATUS CONFERENCE:**<br><br>**September 2, 2015, at 9:30 a.m. in Courtroom 8 (BAM)**<br><br>**ORDER VACATING WRIT OF HABEAS CORPUS AD TESTIFICANDUM DIRECTING TRANSPORTATION OF CURTIS RENEE JACKSON, CDCR # J-88116,**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SERVE ORDER BY E-MAIL ON CALIFORNIA MEDICAL FACILITY, AND BY MAIL ON CURTIS RENEE JACKSON** |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is currently set for a motion in limine hearing on August 19, 2015 at 8:30 a.m. and a jury trial on August 19, 2015 at 1:30 p.m., before United States Magistrate Judge Barbara A. McAuliffe in Courtroom 8 (BAM).

On August 7, 2015, Plaintiff filed a motion entitled, "Notice And Motion For Request Of Rescheduling Current Trial Date From August 19, 2015 To October 2015, Due To Plaintiff Being

1

1. Admitted Into Mental Health Crisis Facility At CM/CTCA on July 22, 2015." (ECF No. 175.) In his motion, Plaintiff states that on or about July 22, 2015, he was transferred to the Mental Health Crisis Bed Facility at the California Medical Facility ("CMF") in Vacaville, for emergency psychiatric treatment. (Id. at p. 1.) While housed at the crisis facility, he is prohibited from accessing his personal property, including legal materials, and has been unable to prepare for trial. (Id. at p. 3.)

Plaintiff attached an August 3, 2015 letter from Debbie McKinney, M.D., Staff Psychiatrist at the CMF, in support of his motion. (Id. at p. 5.) The letter explains that Plaintiff has been housed at the CMF for emergency medical treatment since July 24, 2015 and has remained there since that time. The letter further states that Plaintiff is now stable and able to participate in his trial, but has not had access to his legal property and will not have any access to his paperwork or the law library until he is discharged from the crisis facility. Dr. McKinney was uncertain as to Plaintiff's discharge date, but anticipated he would likely be ready for discharge within the next week from the date of her letter. (Id.)

On August 7, 2015, the Court ordered Defendants to file a response or statement of non-opposition to Plaintiff's motion no later than noon on Wednesday, August 12, 2015. (ECF No. 176.) On August 12, 2015, Defendants filed an opposition to Plaintiff's motion late in the afternoon. (ECF No. 180.) Defendants repeat the information already provided by Plaintiff that he has recently been assessed by a psychologist at CMF as psychiatrically stable and able to attend court. (Id. at 1.) They further assert that Plaintiff was discharged from the crisis facility on Tuesday, August 11, 2015 at 12:47 p.m. Defendants argue that due to Plaintiff's improved medical condition, there is no basis for postponing the trial date. They also argue that because one of the six Defendants in this case is moving out of state at the end of August 2015, moving the trial date past August 2015 will impose additional costs and burdens on the California Department of Corrections and Rehabilitation. (Id. at 2.)

Defendants do not refute, and indeed confirm in a separate email sent by defense counsel on August 12, 2015 at 2:38 p.m. to the Court's staff, that Plaintiff has been without his legal property while confined to the crisis facility, e.g. from July 24, 2015 through August 11, 2015. The Pretrial Order in this case was issued on July 23, 2015, and therefore Plaintiff has been without his legal

2

property from the day after that order was issued until August 11, 2015, a period of nineteen days.

Due to Plaintiff's emergency medical condition and inability to prepare for trial while he was admitted to the crisis facility at the CMF, the motion in limine hearing and jury trial set for August 19, 2015 shall be vacated. The Court will also set a telephonic status conference for September 2, 2015 at 9:30 a.m. to discuss resetting the relevant deadlines and trial date. Furthermore, due to the resetting of the date for the motion in limine hearing and jury trial, it is not necessary to transport Plaintiff at this time. Therefore, the transportation writ shall be vacated.

Accordingly, it is HEREBY ORDERED that:

1. The motion in limine hearing date of August 19, 2015 is VACATED;
2. The trial date of August 19, 2015 is VACATED;
3. The deadline for submission of trial exhibits, statements of the case, proposed jury instructions, proposed verdict forms, and proposed voir dire as set forth in the July 23, 2015 Pretrial Order are VACATED. These deadlines will be reset upon confirmation of the continued trial date.
4. A telephonic status conference is set for **September 2, 2015**, **at 9:30 a.m.** before the undersigned in Courtroom 8 (BAM);
5. Defense counsel is required to arrange for the participation of Plaintiff in the telephonic status conference and to initiate the telephonic hearing at (559) 499-5789;
6. The writ of habeas corpus ad testificandum directing the production of Curtis Renee Jackson, CDCR #J-88116, is HEREBY VACATED;
7. The Clerk's Office shall serve a courtesy copy of this order by e-mail on the Litigation Office at the California Medical Facility; and
8. The Court will issue an amended writ of habeas corpus ad testificandum prior to the new trial date.

IT IS SO ORDERED.

Dated: __**August 12, 2015**__          /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE

3