# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON, | Case No. 1:11-cv-00080-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 184) |
| Y. A. YATES, et al., | |
| Defendants. | |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim that Defendant Mendez used excessive force in violation of the Eighth Amendment by dumping Plaintiff from his wheelchair and dragging him on the concrete floor, and Plaintiff's claim that Defendants Samonte, Daley, Nichols, Gonzales and Valdez violated his Eighth Amendment rights by failing to intervene in the alleged use of excessive force by Defendant Mendez. The parties have consented to the jurisdiction of a United States Magistrate Judge, and this matter is scheduled for jury trial on December 1, 2015.

On September 3, 2015, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 184.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for

the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff asserts that he suffers from long-term depression for which he receives treatment and medication. (ECF No. 184, p. 2.) He further states that on July 27, 2015, he was admitted to a mental health crisis facility for treatment. (Id.) Because of these "psychological issues," Plaintiff argues that he should be granted appointed counsel. (Id. at 2-3.) He further urges the Court to consider the opinion of his psychiatrist, Debbie McKinney, M.D., and attaches a letter from her dated August 3, 2015. (Id. at 8.)

The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits); Miller v. McDaniel, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se).

In this case, despite Plaintiff's mental health issues, he has demonstrated the capability to adequately articulate his claims, positions, and arguments, particularly given that the issues of his excessive force and failure to intervene claims are not complex. For example, he has recently requested to file motions for attendance of witnesses at his trial and a motion in limine, in which he made his positions understandable and in addition, was able to provide evidence and legal

1  authority in support of his arguments.  (ECF Nos. 156-59, 173.)  He also meaningfully participated
2  in this action by engaging with the Court during a September 2, 2015 telephonic conference,
3  including by coherently describing his plan to file a motion for reconsideration regarding one of
4  the Court's prior rulings on witnesses.  (ECF No. 182.)  The Court also questioned Plaintiff during
5  the telephonic conference, and although he stated he was receiving mental health treatment, he
6  only requested a delayed trial date as an accommodation to prepare, and informed the Court he
7  was in possession of his legal property and ready to proceed with his case.

8        Moreover, the letter Plaintiff submitted from Dr. McKinney and other evidence he
9  submitted indicate that his condition has been stabilized since at least August 3, 2015, and he was
10 discharged from crisis services as of August 11, 2015.  (ECF No. 184, pp. 6, 8.)  Dr. McKinney
11 also found Plaintiff capable of attending court and participating in his case.  (Id.)  Accordingly, the
12 evidence Plaintiff submitted and the proceedings thus far do not establish that he is incompetent or
13 otherwise requires the appointment of counsel on the basis of his mental health.  Furthermore,
14 although this matter is proceeding to trial, the Court cannot make a determination that Plaintiff is
15 likely to succeed on the merits.

16       For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
17 DENIED without prejudice.

18
19 IT IS SO ORDERED.

20    Dated:   **September 4, 2015**                     /s/ *Barbara A. McAuliffe*
21                                                  UNITED STATES MAGISTRATE JUDGE