UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>Y.A. YATES, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT OF COURT<br><br>(ECF No. 186) |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 3, 2015, Plaintiff filed the instant "Motion for Contempt of Court" against Defense Counsel Timothy H. Delgado. (ECF No. 186). Although brought as a contempt motion, Plaintiff does not allege any need to compel compliance with any court order, which is the purpose of civil contempt proceedings. Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1131 (9th Cir. 2013). Instead, Plaintiff argues that Mr. Delgado violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by some of his conduct in this action.[1]

///

---

[1] Plaintiff also allegedly brings his motion against attorney Christopher J. Becker, but he describes no acts by that attorney, and brings the motion against him solely based on his alleged supervisory role over Mr. Delgado. He cites no authority for holding someone indirectly liable for a HIPAA violation that he was not personally involved in, and the Court finds none. As a result, the Court will not consider the motion against Mr. Becker.

1

Specifically, Plaintiff alleges that on August 10, 2015, Mr. Delgado contacted Plaintiff's treating psychiatrist, Debbie McKinney, M.D., by telephone. (ECF No. 186, p. 3). Plaintiff was present with Dr. McKinney at the time of Mr. Delgado's phone call, and Mr. Delgado was placed on speaker phone. (Id.) Mr. Delgado purportedly inquired about Plaintiff's mental health status. (Id.) According to Plaintiff, one of Dr. McKinney's associates responded that Mr. Delgado was in violation of HIPAA, and that the doctor could not provide any such information unless Plaintiff consented. (Id.) Then, Mr. Delgado spoke to Plaintiff about his motion seeking to move the then-upcoming August 19, 2015 trial date in this matter, and Plaintiff responded that he could not be ready for trial by then. (Id.) Based on these allegations, Plaintiff argues that Mr. Delgado's phone call to Dr. McKinney violated HIPAA. (ECF No. 186, p. 4.) His motion does not request any specific relief.

HIPAA regulates the disclosure of protected health information, and generally requires an entity covered by the act to obtain authorization for any disclosure of such information, with some exceptions. 45 C.F.R. §§ 164.502, 164.508. However, HIPAA does not provide any private cause of action to individuals. Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)). Thus, Plaintiff has no private remedy for any HIPAA violation by Mr. Delgado, even if he proved one occurred. Furthermore, it does not appear HIPAA was violated here in any event, because according to Plaintiff's own allegations, as soon as Mr. Delgado asked about his mental health status, Dr. McKinney's associate asked Plaintiff for his consent to disclose that information. No consent was given, and so Dr. McKinney did not disclose any information; instead, Plaintiff himself spoke to Mr. Delgado. These facts do not show any HIPAA violation.

For the foregoing reasons, Plaintiff's motion for contempt of court is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 16, 2015**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE