UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON, | ) Case No.: 1:11-cv-00080-BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION IN LIMINE |
| v. | ) |
| J. MENDEZ, et al., | ) (ECF No. 173) |
| Defendants. | ) |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction in this case. (ECF No. 117.) This matter proceeds to trial on claims against Defendant J. Mendez for use of excessive force in violation of the Eighth Amendment and against Defendants C. Samonte, S. Daley, C. Nichols, N. Gonzales and F. Valdez for failure to intervene. A jury trial is confirmed for December 1, 2015 at 8:30 a.m. in Courtroom 8 (BAM).

On July 29, 2015, Plaintiff filed a motion in limine. (ECF No. 173.) Defendants filed an opposition to the motion on August 12, 2015. (ECF No. 179.) The motion was heard before the Honorable Barbara A. McAuliffe on November 13, 2015. Plaintiff appeared telephonically on his own behalf. Timothy Howard Delgado, of the California Attorney General's Office, appeared telephonically on behalf of Defendants.

///

1

**I.     Plaintiff's Motion in Limine**

    **A.     Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

    **B.     Analysis**

Plaintiff seeks to exclude his confidential medical records from being used at trial. (ECF No. 173.) Specifically, Plaintiff contends that defense counsel conspired with the California Department of Corrections and Rehabilitation ("CDCR") to have his confidential medical records released for copying and inspection, without his permission. Plaintiff further contends that defense counsel violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the rules governing discovery by obtaining his records in this manner, and as a result, Defendants should be barred from using his records at trial.

Defendants oppose Plaintiff's motion. (ECF No. 179.) They assert that only records they intend to use from Plaintiff's file at trial are his March 21, 2010 Health Care Service Request Form CDC 7362, and a Medical Report of Injury or Unusual Occurrence (CDC 7219) prepared by Defendant

Samonte, dated February 2, 2010. These documents were either attached to Plaintiff's complaint, or served on Defendants in response to a discovery request. (ECF No. 1, pp. 68, 73; ECF No. 179-1, pp. 9-11, 16.) Defendants argue that Plaintiff waived any confidentiality over the documents that were attached to his complaint by putting them in a publically available filing.  See Hendon v. Kulka, No. 2:14-CV-02581 AC P, 2015 WL 4637962, at *3 (E.D. Cal. Aug. 3, 2015) (denying plaintiff's request to seal medical records attached to complaint because, by publically filing them, he waived any interest he had in maintaining their confidentiality). Furthermore, they argue that the versions of the documents that Plaintiff produced in discovery were not improperly obtained.

The Court finds that because Plaintiff is seeking damages for physical injuries allegedly caused by Defendants actions or inactions, he has put his medical condition at issue in this case. Moreover, he has disclosed in public filings and to Defendants during discovery in this matter the specific medical records relevant to his condition at or around the time of the events at issue that Defendants intend to use at trial. Consequently, the Court will deny Plaintiff's motion, subject to any evidentiary objections, if any, that are raised at trial.

## II.     Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion in limine (ECF No. 173) is DENIED.

IT IS SO ORDERED.

Dated:   **November 13, 2015**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3