UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>           Plaintiff,<br><br>     v.<br><br>J. MENDEZ, et al.,<br><br>           Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #1<br><br>ORDER DENYING DEFENDANTS' MOTION IN LIMINE #2<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #3<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #4<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #5<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #6<br><br>(ECF No. 172) |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction in this case. (ECF No. 117.) This matter proceeds to trial on claims against Defendant J. Mendez for use of excessive force in violation of the Eighth Amendment and

1

against Defendants C. Samonte, S. Daley, C. Nichols, N. Gonzales and F. Valdez for failure to intervene. A jury trial is confirmed for December 1, 2015 at 8:30 a.m. in Courtroom 8 (BAM).

On July 24, 2015, Defendants filed six motions in limine in a joint filing. (ECF No. 172.) Plaintiff did not file any written opposition, and the motions were deemed submitted when the time for filing any opposition expired. Local Rule 230(l). The motions were heard before the Honorable Barbara A. McAuliffe on November 13, 2015. Plaintiff appeared telephonically on his own behalf. Timothy Howard Delgado, of the California Attorney General's Office, appeared telephonically on behalf of Defendants.

## I. Defendants' Motions in Limine

### A. Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

///
///
///

**B.     Analysis**

    **1.     Motion in Limine # 1 to Limit Plaintiff's Testimony**

First, Defendants move to preclude Plaintiff from testifying about any opinions, inferences, or diagnoses about the nature, extent, or causation of his alleged injuries, including any opinions or inferences from any medical records. (ECF No. 172, pp. 1-2.) They assert that any such testimony would be improper opinion evidence pursuant to Federal Rules of Evidence 701 and 702.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to matters in his personal experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced, such as pain, relating to his medical needs or condition. However, he may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge. This generally includes any diagnosis, cause and effect relationship, and/or interpretation of medical records. Fed. R. Evid. 701; see also Johnson v. Dunnahoe, 2013 WL 793220, *1-2 (E.D. Cal. Mar. 4, 2013) (granting motion in limine precluding testimony by prisoner on matters within the purview of a medical expert). Therefore, Defendants' first motion in limine is granted, with the caveat explained above.

    **2.     Motion in Limine # 2 to Limit Testimony About Dismissed Claims**

Earlier in this matter, the Court ruled that Defendant Mendez was entitled to summary judgment on Plaintiff's claim that Defendant Mendez used excessive force by handcuffing him at his housing unit before escorting him to the Facility-C medical clinic. (ECF No. 143). In consequence of this ruling, Defendants seek a limiting instruction barring Plaintiff from referring to or introducing any evidence related to that dismissed claim, arguing that it is irrelevant and could prejudice the jury. (ECF No. 172, p. 3 (citing Fed. R. Evid. 401, 402).)

Defendants' second motion in limine is denied. Although Plaintiff's claims now only concern his allegations regarding the events in the medical clinic, he shall not be precluded from offering relevant evidence regarding how he arrived at the clinic or other background matters. This evidence is

likely to be limited, but may provide context. The Court finds no harm or prejudice caused by Plaintiff presenting this evidence to the jury, as the jury instructions and verdict forms in this matter will specifically reflect that the only claims at issue in this case concern the events in the medical clinic. Fed. R. Evid. 403.

### 3. Motion in Limine # 3 to Exclude Evidence of Other Lawsuits

In their third motion in limine, Defendants move to exclude any testimony about other lawsuits in which they, or other officials employed by the CDCR, are named as defendants. (ECF No. 172, p. 3.) Defendants also ask that Plaintiff and any of his witnesses be precluded from testifying about or inferring that Defendants are currently a party to any lawsuit, or that they have been in the past. (Id.) Defendants contend that this testimony is not relevant and is therefore inadmissible. Fed. R. Evid. 401, 402. Defendants further contend that even if this testimony is relevant, it would improperly confuse the jury and its probative value, if any, is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. In a related argument, Defendants also contend that if Plaintiff seeks to introduce evidence of conduct allegedly underlying any other lawsuits, this is an inadmissible attempt to establish their character by referring to prior or subsequent conduct. Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); see also Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (character evidence is normally not admissible in a civil rights case, as past or future conduct does not bear on whether force used was excessive in a particular instance).

To the extent Plaintiff intends to offer evidence that these Defendants or other CDCR officials have been sued, such evidence is of no consequence in determining whether or not Defendants used excessive force in this instance. Fed. R. Evid. 401(b). Given the lack of relevance, general evidence regarding lawsuits is not permitted. Furthermore, evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Thus, to the extent Defendants move to preclude Plaintiff from presenting general evidence of other lawsuits, or from introducing evidence of alleged prior bad acts or conduct to demonstrate that Defendants acted in conformity with their

4

character, the third motion in limine is granted.

### 4. Motion in Limine # 4 to Limit Questions About Defendants' Personnel Matters, Prior Job Performance Complaints, or Prior Disciplinary Issues

Next, Defendants ask the Court to preclude Plaintiff from questioning them about any matters contained in their personnel records, including information of a personal nature and information concerning any disciplinary actions or complaints filed against them. Among other things, Defendants contend that any disciplinary actions or prisoner complaints against them are irrelevant to this case. Fed. R. Evid. 401.

As with the evidence concerning other lawsuits, evidence about any of Defendants' personnel matters, prior job performance complaints, or prior disciplinary issues is irrelevant to the matters at issue in this case. Also, the introduction of this evidence presents the risk that it will be used as improper character evidence. In fact, in arguing at the hearing on these motions that this evidence has relevance, Plaintiff stated that he intended to use this evidence to show certain Defendants have acted in accordance with a "pattern" of behavior involving the use of excessive force, based on unrelated events concerning people who are not involved in this lawsuit. Any attempt to introduce evidence of alleged prior bad acts or conduct to demonstrate that any of the Defendants acted in conformity with their character is barred. Fed. R. Evid. 404(b)(1). As a result, Defendants' fourth motion in limine is granted.

### 5. Motion in Limine #5 to Exclude Evidence About the "Code of Silence" or "Green Wall"

In their fifth motion in limine, Defendants seek to exclude all arguments, evidence, and testimony regarding the "Code of Silence" and the "Green Wall," which allegedly precludes correctional officers from speaking out about wrongful acts of other correctional officers and which obligates them to lie about or cover-up wrongdoing. (ECF No. 172, pp. 5-6.) Defendants argue that these terms concern issues which are irrelevant, overly prejudicial, and would be an undue consumption of time, as there is no evidence connecting these terms to any of the Defendants in this case. Fed.R.Evid. 401–403, 404(b).

The case concerns the alleged use of excessive force by one officer, and the alleged failure by

5

another officer and medical staff who witnessed the use of force to intervene or treat Plaintiff's resulting injuries. Evidence concerning a conspiracy by officers to cover up the actions of other officers is irrelevant as it has no bearing on the issues in this case, and development of this collateral issue would both consume an undue amount of time and confuse and mislead the jury as to the issues to be decided. Fed.R.Evid. 403.

Plaintiff argued at the hearing that he should be allowed to refer to the "Code of Silence" to show that each of the other Defendants saw the conduct of Defendant Mendez and failed or refused to report it. Plaintiff is not precluded from questioning any witness about the events at issue, what they observed, and what they reported, if anything, or from attempting to draw out any inconsistencies or other matters of credibility as regards the events at issue in this case. However, he may not argue as to any broad conspiracy involving correctional officers, and may not use the terms "Code of Silence" or "Green Wall" in making any arguments, as these issues are irrelevant to this case. Defendants' fifth motion in limine is granted.

### 6. Motion in Limine No. 6 to Limit Testimony About Settlement Discussions

Finally, Defendants seek to preclude evidence or testimony regarding any settlement discussions. (ECF No. 172, p. 6.) Subject to exceptions which are not relevant here, evidence of settlement negotiations to either prove or disprove the validity or amount of a disputed claim is prohibited by Federal Rule of Evidence 408. Fed. R. Evid. 408; see also Green v. Baca, 226 F.R.D. 624, 640 (C.D. Cal. 2005). Thus, Defendants' sixth motion in limine is granted.

## II. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendants' motion in limine #1 to preclude Plaintiff from testifying about any opinions, inferences, or diagnoses about the nature, extent, or causation of his alleged injuries, including any opinions or inferences from any medical records is GRANTED, with the caveat that Plaintiff may testify as to matters in his personal experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced, such as pain, relating to his medical needs or condition;

2. Defendants' motion in limine # 2 to bar Plaintiff from referring to or introducing any

evidence related to dismissed claim against Defendant Mendez is DENIED;

3. Defendants' motion in limine #3 to exclude any testimony about other lawsuits in which they, or other officials employed by the CDCR, are named as defendants is GRANTED;

4. Defendants' motion in limine #4 to preclude Plaintiff from questioning them about any matters contained in their personnel records, including information of a personal nature and information concerning any disciplinary actions or complaints filed against them is GRANTED;

5. Defendants' motion in limine #5 to exclude all arguments, evidence, and testimony regarding the "Code of Silence" and the "Green Wall" is GRANTED; and

6. Defendants' motion in limine #6 to preclude evidence or testimony regarding any settlement discussions is GRANTED.

IT IS SO ORDERED.

Dated: **November 13, 2015**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE