UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MENDEZ, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO ALLOW TRIAL TESTIMONY BY VIDEOCONFERENCE<br><br>(ECF No. 196) |

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction in this case. (ECF No. 117.) This matter proceeds to trial on claims against Defendant J. Mendez for use of excessive force in violation of the Eighth Amendment and against Defendants C. Samonte, S. Daley, C. Nichols, N. Gonzales and F. Valdez for failure to intervene. A jury trial is confirmed for December 1, 2015 at 8:30 a.m. in Courtroom 8 (BAM).

On November 10, 2015, Defendants filed a motion to allow Defendant Samonte to testify at trial by videoconference. The motion was heard before the Honorable Barbara A. McAuliffe on November 13, 2015. Plaintiff appeared telephonically on his own behalf. Timothy Howard Delgado, of the California Attorney General's Office, appeared telephonically on behalf of Defendants.

///

At the hearing, the Court explained the motion and the basis for the motion to Plaintiff, and offered him an opportunity to file a written opposition or other response to the motion. Plaintiff orally declined, stating that he does not oppose the motion. (ECF No. 197.) As the motion is unopposed, it is deemed submitted. Local Rule 230(l).

## I.  Discussion

In support of their motion, Defendants explain that Defendant Samonte is a former CDCR employee who moved to Texas in September 2015, and is currently the primary caretaker of two young children. (ECF No. 196-1, pp. 2-3.) She has now learned that her alternative caretaker is not available for the week of the December 1, 2015 trial in this matter. As a result, Defendant Samonte will either have to take her children with her to Fresno to attend the trial here, or have a family member fly to Texas to care for the children. Also, as a former employee, Defendant Samonte will not be reimbursed by CDCR for the travel expenses in this matter, which she estimates could exceed $1,500. (Id.) Defense counsel has been in discussions with the information technology officer at the United States District Court in Texas near Defendant Samonte's current residence, and they believe she can give her testimony via live videoconference. Defense counsel will also be able to provide Defendant Samonte access to both parties' exhibits during her testimony. (Id. at 5.)

### A.  Standard

Federal Rule of Civil Procedure 43 provides that a court may, in its discretion, allow the telephonic transmission of testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Palmer v. Valdez, 560 F.3d 965, 968 (9th Cir. 2009) (quoting Fed. R. Civ. P. 43.) The Advisory Committee Notes to the 1996 Amendments contain the following advice:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.
> ...
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.

2

> ...
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

**B.     Analysis**

Defendants have shown good cause to allow Defendant Samonte to testify by videoconference at the trial in this matter. The Ninth Circuit and other courts have found good cause to allow videoconference or telephonic testimony when a witness will be required to travel a significant distance, *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1185-86 (telephonic testimony allowed in deportation hearing where witness was in Missouri and hearing was in San Diego), and where a witness has responsibilities toward young children, *Humbert v. O'Malley*, 303 F.R.D. 461, 465-66 (D. Md. 2014) (Michigan-based witness's travel to Maryland would interfere with care for her autistic, homeschooled young child). Here, Defendant Samonte will incur a combination of significant travel time and expenses which will not be reimbursed, and hardships with regard to finding childcare, if she is required to travel to Fresno to give her trial testimony.

More importantly, the use of a "contemporaneous transmission from a different location," Fed. R. Civ. P. 43—in this case the live video testimony of Defendant Samonte broadcasted from another federal court—will not prejudice Plaintiff.  He does not contest the motion, and there will be adequate safeguards to ensure that the procedure does not interfere with his due process rights. "In assessing the safeguards of such contemporaneous transmissions, the courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available." F.T.C. v. Swedish Match N. Am., Inc., 197 F.R.D. 1, 2 (D.D.C. 2000) (citing Official Airline Guides, Inc. v. Churchfield Publications, 756 F.Supp. 1393, 1399 n. 2, aff'd Official Airline Guides, Inc. v. Goss, 6 F.3d 1385 (9th Cir.1993); Beltran, 213 F.3d at 1185–86)).

At trial in this case, Plaintiff will have the opportunity to question and cross-examine Defendant Samonte through live video feed in open court, while she is under oath, and during which questioning she will be visible to the Court, the jury, and the parties. The trier of fact will therefore have ample opportunity to assess her credibility and demeanor, and there is likely to be little practical difference between live in-court testimony and a live video transmission of her testimony from another

court. To allow Plaintiff to call Defendant Samonte in his case-in-chief, if he chooses to do so, and to allow for the organized presentation of witnesses, Defendants are ordered to have Defendant Samonte present and prepared to give her videoconference testimony on the second day of trial in this matter, December 2, 2015, at 8:30 a.m. (Pacific Time) from the United States District Court in Texas nearest her residence.  By this request, Defendant Samonte waives any right to be present for the duration of the trial and any prejudice to her from her failure to be present before the jury. The Court will also instruct the jury to consider and assess the credibility and weight of the videoconference testimony in the same manner as if the witness had been present in court to testify. To aid with this procedure, Defendants are ordered to file and serve a proposed jury instruction concerning the live videoconference trial testimony on or before November 18, 2015.

## II. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendants' motion to allow Defendant Samonte to give trial testimony via videoconference (ECF No. 196) is GRANTED;

2. Defendants SHALL make Defendant Samonte present and prepared to give her live videoconference testimony before this Court on December 2, 2015 at 8:30 a.m. (Pacific Standard Time) from the United States District Court in Texas nearest her residence;

3. Defendants SHALL provide a copy of both parties' exhibits to Defendant Samonte at the time of her testimony; and

4. Defendants SHALL file and serve a proposed jury instruction concerning the live videoconference trial testimony on or before November 18, 2015.

IT IS SO ORDERED.

Dated: **November 13, 2015**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE