UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>J. MENDEZ, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING ON DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF No. 202) |

## I.  Introduction

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction in this case. (ECF No. 117.) This matter proceeds to trial on claims against Defendant J. Mendez for use of excessive force in violation of the Eighth Amendment and against Defendants C. Samonte, S. Daley, C. Nichols, N. Gonzales and F. Valdez for failure to intervene. A jury trial is confirmed for December 1, 2015 at 8:30 a.m. in Courtroom 8 (BAM).

On November 19, 2015, Plaintiff filed a motion entitled "En Banc Motion and Objections to Magistrate Judge Ruling on In Limine Telephonic Appearance, Excluding Relevant Evidence to Support Pattern of Defendants' Use of Excessive Force." (ECF No. 202.) In the motion, Plaintiff challenges the Court's November 13, 2015 order regarding Defendants' pre-trial motions in limine.

1

The Court construes Plaintiff's motion/objections as a Federal Rule of Civil Procedure 60(b)(6) request for reconsideration of the Court's November 13, 2015 order.

**II.   Discussion**

    **A.   Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

    **B.   Analysis**

Plaintiff argues that the Court's rulings on Defendants' motions in limine incorrectly excludes "key" pieces of evidence from the trial, copies of which are attached to his motion for reconsideration. (ECF No. 202, p. 2.) This evidence includes (1) An unusual occurrence report concerning an inmate named John Madrid, dated February 7, 2010, and photos of inmate Madrid; (2) an affidavit from an inmate named Michael Laster, dated September 21, 2011; (3) a declaration from an inmate named David Urata, dated October 4, 2012; and (4) a declaration from an inmate named Jesus B. Castaneda, dated February 24, 2013. Plaintiff argues that he should be allowed to present this evidence at trial because it is relevant to showing a "pattern of Defendant Mendez's consistent ill will, vicious, and violent behavior" towards elderly inmates who suffer from a physical disability or impairment. (Id. at 3.)

The Court agrees that all of this evidence is barred by its earlier ruling, and finds that Plaintiff has not shown any error or other reason to reconsider that order. He cites in support of his arguments case law concerning the standard for relevancy in discovery. However, the standard for relevancy in discovery is more flexible and broader than the standard for the admissibility of evidence at trial. See, e.g., Phoenix Sols. Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 582-83 (N.D. Cal. 2008) (citing Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 903 (7th

Cir.1981)). Thus, this case law is not persuasive.

Regarding the proposed evidence concerning inmate John Madrid, Plaintiff asserts that on February 7, 2010, he witnessed Defendant Mendez and two other unnamed correctional officers assault inmate Madrid. The report and photos are allegedly related to that incident. Inmate Castaneda's declaration also states he witnessed that alleged assault. The affidavit from inmate Laster alleges that on September 20, 2009, Defendant Mendez assaulted him, and that Defendant Mendez has a history of attacking African American inmates who are mobility-impaired. Inmate Urata's declaration asserts that on October 4, 2012, Defendant Mendez kicked him and choked him from behind.

As the Court previously ruled, none of this character evidence is admissible in this case to show Defendant Mendez acted in conformity with his alleged character "pattern." Fed. R. Evid. 404(b)(1). Evidence concerning these other events involving other inmates is not relevant to determining what happened in this matter; it would be improper for the jury to determine liability in this case based on these unrelated allegations. Moreover, the presentation of evidence concerning these events would create a trial-within-a-trial, would consume an undue of time, and would likely mislead and confuse the jury as to the issues to be decided here. As a result, as previously ruled, any testimony, argument, questions, or other references to these proposed exhibits and the underlying events related to these exhibit is  barred.

### III.   Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

Plaintiff's motion to reconsider the Court's November 13, 2015 rulings on Defendants' motions in limine (ECF No. 202) is DENIED.

IT IS SO ORDERED.

Dated:   **November 23, 2015**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE