UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MENDEZ, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION FOR RETRIAL DUE TO ERROR, MISTAKE AND INADVERTENCE OF COURT, AND INTENTIONAL FRAUD BY DEFENSE COUNSEL<br><br>(ECF No. 221) |

## I.     Introduction

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties consented to magistrate judge jurisdiction in this case. (ECF No. 117.) Following a jury trial in which a verdict for the defense was reached, judgment was entered on December 7, 2015. (ECF No. 214.)

On December 24, 2015, Plaintiff filed the instant motion pursuant to Rule 60(b), seeking relief due to error, mistake and inadvertence of the Court, and intentional fraud by defense counsel. (ECF No. 221.) Previously, on December 11, 2015, Plaintiff filed a notice of appeal. (ECF No. 215.) The Ninth Circuit processed and docketed Plaintiff's appeal, which is now pending. (ECF No. 216.)

Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d

822 (9th Cir. 1982)). However, under Federal Rule of 62.1(a)(2), a district court retains the authority to deny a motion that is timely filed even though an appeal has been docketed and is pending. Fed. R. Civ. P. 62.1(a)(2); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir. 2013) (pursuant to Rule 62.1, district court retained jurisdiction to deny a timely-filed motion for leave to amend petition, even though motion was filed after notice of appeal). Consequently, the Court determines it has the authority and jurisdiction to deny Plaintiff's motion for the reasons explained below

## II.     Discussion

Plaintiff seeks relief from the judgment under Rule 60(b) and a retrial in this matter based on the improper exclusion of certain exhibits from trial due to fraud and mistake. Under Federal Rule of Civil Procedure 60(b), a district court may relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Contrary to Plaintiff's arguments, he has stated no grounds for relief under Rule 60(b).

Plaintiff argues that defense counsel committed fraud during the trial in this case by objecting on hearsay grounds to the admission of two exhibits he sought to admit; specifically, two pages of medical notes, copies of which are attached to his motion (ECF No. 221, pp. 9, 11.) Plaintiff claims that defense counsel agreed at the November 13, 2015 pre-trial motions in limine hearing in this matter not to object to the documents in Plaintiff's file. Thus, he argues that the objections counsel raised at trial violated that agreement.

Plaintiff's argument is based on an incorrect premise. Defense counsel never agreed to forego any evidentiary objections to any of Plaintiff's documents during the November 13, 2015 hearing. Rather, the matters discussed during that hearing are set forth in the Court's orders on the parties' motions in limine, (ECF Nos. 198, 199), which did not include any agreement by defense counsel to refrain from raising hearsay or any other objections to Plaintiff's medical documents. Nor did the parties inform the Court at any other time of any stipulations to forego hearsay objections to Plaintiff's medical notes. If there were any agreements, as mentioned in the pretrial statement, they were not

placed on the record and the pretrial statement mentioned objections to authenticity of documents only, and not as to hearsay objections.  Plaintiff's allegations of fraud by defense counsel are baseless.

Plaintiff also argues that the Court erred in sustaining the hearsay objection to the two pages of medical notes he sought to admit. Plaintiff cites Federal Rule of Evidence 803(4) in support of his argument that the statements by the health care providers in those notes are admissible. This argument misstates the hearsay exception in that rule. That exception applies to statements made by patients to healthcare providers in the course of seeking a diagnoses or treatment. Fed. R. Evid. 803(4). See also White v. Illinois, 502 U.S. 346, 356, 112 S. Ct. 736, 743, 116 L. Ed. 2d 848 (1992) ("[A] statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility that a trier of fact may not think replicated by courtroom testimony." ) This hearsay exception does not apply to the healthcare provider's statements or medical diagnoses written down in medical notes which Plaintiff sought to enter into evidence in this case.

Plaintiff also cites Federal Rule of Evidence 801(d)(2), the exception to hearsay statements for admissions made by an opposing party, in support of his argument that the providers' statements in his medical notes were admissible at trial in this matter. He specifically quotes language from the Advisory Committee's notes regarding admissions made by adopting or acquiescing in the statement of another. (ECF No. 221, p. 5.) This exception to the hearsay rule does not apply here, because Plaintiff seeks to admit the statements of a non-party health care provider, not statements made by his opponent.

Finally, Plaintiff argues that statements which are sought to be introduced for a purpose other than the truth of the matter asserted are not hearsay. (ECF No. 221, p. 6.) This does not apply here, since Plaintiff admits he sought to introduce the health care providers' statements regarding his injuries as factually true statements about his injuries. (Id. at 3-4.) This attempted use of the doctors' statements fits the definition of hearsay. Plaintiff has not shown any error by the Court in sustaining the hearsay objection raised against the medical notes he sought to introduce into evidence.

///

///

### III. Conclusion and Order

For the reasons explained above, it is HEREBY ORDERED that Plaintiff's Rule 60(b) motion for retrial due to error, mistake and inadvertence of the Court, and intentional fraud by defense counsel (ECF No. 221), is DENIED.

IT IS SO ORDERED.

Dated: **December 29, 2015**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE