UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MENDEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00080-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF HEARING TRANSCRIPT AT GOVERNMENT'S EXPENSE<br><br>(ECF No. 223) |

　　　　Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties consented to magistrate judge jurisdiction in this case. (ECF No. 117). Following a jury trial in which a verdict for the defense was reached, judgment was entered on December 7, 2015. (ECF No. 214). Plaintiff appealed.

　　　　On December 30, 2015, Plaintiff filed a motion seeking a transcript of the November 13, 2015 motion in limine telephonic hearing in this case, and trial transcripts from December 1 and 2, 2015, at the government's expense due to indigence. (ECF No. 223). A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis:

1

     (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).  Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

     Plaintiff's notice of appeal in this case, (ECF No. 215), is devoid of any grounds for the appeal and therefore, the Court cannot find that the appeal presents a substantial issue.  For this same reason, the Court denied Plaintiff's previous request for a transcript of the November 13, 2015 telephonic hearing in this matter in an order dated December 21, 2015, (ECF No. 220), which appears to have crossed in the mail with Plaintiff's instant motion. This second motion presents nothing new for the Court's consideration.

     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for transcripts at the government expense, (ECF No. 223), is DENIED.  Any further relief on this issue must be sought from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

    Dated:   **January 4, 2016**                    /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE