# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MENDEZ, *et al.*,<br><br>　　　　Defendants. | Case No.  1:11-cv-00080-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(ECF No. 241) |

**I.　Introduction**

Plaintiff Curtis Renee Jackson ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. All parties consented to Magistrate Judge jurisdiction in this case. (ECF No. 177.)

Following a jury trial in which a verdict for the defense was reached, judgment was entered on December 7, 2015. (ECF No. 214.) Plaintiff appealed, and the decision was affirmed by the United States Court of Appeals for the Ninth Circuit on June 1, 2018. (ECF No. 235.) The Ninth Circuit issued its mandate on September 10, 2018. (ECF No. 239.)

**II.　Motion for Relief from Judgment**

Currently before the Court is Plaintiff's "Notice and motion to request why this court has not notified the plaintiff that his prior case entitled review being that defense counsel Timothy Howard Delgado Deputy Attorney General committed premeditated murder against his wife, and

1

1  suicide to evade prosecution on March 9th, 2020," which was filed August 31, 2020.  (ECF No.
2  241.)  The Court construes the filing as a motion for relief from judgment pursuant to Federal
3  Rule of Civil Procedure 60(b).
4      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
5  district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment
6  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
7  evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has
8  been satisfied . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A motion
9  under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2) and (3) "not
10 more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R.
11 Civ P. 60(c).
12     Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to
13 show the "new or different facts or circumstances claimed to exist which did not exist or were not
14 shown upon such prior motion, or what other grounds exist for the motion."  Motions to
15 reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825
16 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).
17 To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
18 to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.
19 Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514
20 (9th Cir. 1987).
21 **III.   Discussion**
22     In his motion, Plaintiff raises several arguments regarding the conduct of Deputy Attorney
23 General Timothy Howard Delgado, who represented Defendants during this action and at trial.
24 First, Plaintiff alleges that DAG Delgado attempted to commit a HIPAA violation on August 10,
25 2015 by calling Plaintiff's treating clinical psychiatrist and requesting the release of confidential
26 information about Plaintiff.  Plaintiff filed a civil rights action against DAG Delgado for the
27 alleged HIPAA violation, and also filed a claim with the California State Bar regarding DAG
28

Delgado's alleged conduct.  Plaintiff states that both of these claims were dismissed.[1]  Plaintiff also argues that during trial, DAG Delgado was allowed great latitude to speak ill of Plaintiff, and that certain exhibits Plaintiff hoped to present at trial were excluded as hearsay.  Finally, Plaintiff alleges that around March 9, 2020, DAG Delgado committed premeditated murder against his wife, and then committed suicide to evade prosecution.  Plaintiff requests that the Court grant his motion for review of his case, based on the above, and argues that the commission of a felony (premeditated murder) brings into question the integrity and honesty of DAG Delgado in every case.  (ECF No. 241.)

Plaintiff's first two arguments are untimely, and have already been rejected by this Court and the Ninth Circuit.  On September 3, 2015, Plaintiff filed a motion for contempt of court against DAG Delgado regarding the possible HIPAA violation on August 10, 2015.  (ECF No. 186.)  On October 16, 2015, the undersigned denied the motion, finding that Plaintiff had no private right of remedy for any HIPAA violation by DAG Delgado, and that it did not appear that HIPAA was violated based on Plaintiff's own account of the incident.  (ECF No. 188.)  With respect to Plaintiff's objections regarding the exclusion of exhibits he wished to introduce at trial, those arguments were raised in Plaintiff's December 24, 2015 motion for retrial, (ECF No. 221), and rejected by the undersigned in the December 29, 2015 order, (ECF No. 222).  Furthermore, Plaintiff raised this argument in his appeal before the Ninth Circuit, filed December 11, 2015, (ECF No. 215), and the argument was again rejected when the Ninth Circuit affirmed the Court's decision on June 1, 2018, (ECF No. 235, p. 3).

Plaintiff's new argument regarding DAG Delgado's murder of his wife and subsequent suicide is completely irrelevant to Plaintiff's case.  These events occurred more than four years after entry of judgment in this action, and there is no indication that they have any relation to Plaintiff's case or the 2015 jury trial.  Aside from Plaintiff's argument that DAG Delgado's actions raise questions about his integrity and honesty, Plaintiff has not set forth any new

---

[1] The Court takes judicial notice of Jackson v. Delgado, Case No. 2:15-cv-02158-AC (E.D. Cal.), which was dismissed on April 11, 2016 for failure to state a cognizable claim for relief.  Plaintiff appealed that decision to the Ninth Circuit, and the Court also takes judicial notice of Jackson v. Delgado, Case No. 16-16979 (9th Cir.), which was dismissed as frivolous on January 11, 2017.

information that provides a basis for reopening this action and overturning the jury's verdict.

**IV.     Conclusion and Order**

Based on the foregoing, Plaintiff's motion for relief from judgment, (ECF No. 241), is HEREBY DENIED.  This action remains closed.

IT IS SO ORDERED.

Dated:  **September 14, 2020**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE